**CHAMPAN R. WASHINGTON**
13688 Cambridge Place
Chino, CA 91710
Telephone: (909) 900-3328
Facsimile: (909) 899-3881
Email: champan.washington@gmail.com

PLAINTIFF IN PRO SE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ED CV17-00054 RSWL (DTBx)

| | |
|---|---|
| CHAMPAN R. WASHINGTON ) | Case No. |
|     Plaintiff, ) | COMPLAINT FOR: |
| v. ) | |
| WELLS FARGO BANK, N.A. ) | 1. DECLARATORY RELIEF |
| SUCCESSOR BY MERGER WITH ) | 2. RESCISSION OF MORTGAGE |
| WACHOVIA MORTGAGE, FSB; ) | PURSUANT TO 15 U.S.C. § 1601 |
| FORMERLY KNOWN AS WORLD ) | et. seq. ("TILA") |
| SAVINGS BANK, FSB ITS ) | 3. CANCELLATION OF |
| SUCCESSORS AND/OR ASSIGNS; ) | INSTRUMENTS |
| AND DOES 1-10, Inclusive ) | 4. ACCOUNTING |
| ) | 5. BREACH OF CONTRACT |
|     Defendants. ) | 6. VIOLATION OF 12 U.S.C. § 2605 |
| ) | (RESPA) |
| ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| ) | |

COMES NOW, Plaintiff CHAMPAN R. WASHINGTON ("Plaintiff" or

"WASHINGTON"), files this Complaint against Defendant WELLS FARGO BANK,

N.A. SUCCESSOR BY MERGER WITH WACHOVIA MORTGAGE, FSB;

FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB ITS SUCCESSORS AND/OR ASSIGNS, hereinafter referred to as WELLS FARGO, (in its capacity as purported owner of the debt obligation and mortgage servicer) pleads and alleges as follows:

## I.

## NATURE OF THE ACTION

This Action is filed defensively and affirmatively under the Federal Truth In Lending Act, hereinafter referred to as TILA, *15 U.S.C. §§ 1601, et seq.* to enforce Plaintiff's rights under TILA, including without limitation, the right to rescind a consumer transaction and to void Defendants' security interest in Plaintiff's Property, by reason of Defendants' violations of TILA and Regulation Z, *12 C.F.R. § 226* ("Reg. Z"). In addition, Plaintiff seeks actual and statutory damages, reasonable attorney's fees, if any, and costs by reason of Defendants' violations of TILA.

Plaintiff WASHINGTON seeks both legal and equitable relief arising out of residential mortgage financing of WASHINGTON's residential property located at 13688 Cambridge Place, Chino, CA 91710 (the "Property") including violations of TILA, misrepresentation, and deceptive and unfair trade practices.

## II.

## JURISDICTION AND VENUE

This action seeks rescission and damages under the federal Truth in Lending Act, *15 U.S.C. § 1601 et seq.* Jurisdiction arises because a federal question is involved.

COMPLAINT

Jurisdiction in this matter exists by virtue of *28 U.S.C. §§ 1334, 1331,* and *1337,* as well as subject matter jurisdiction under *15 U.S.C. § 1640(e).* In addition, this Court has jurisdiction to give declaratory relief under *28 U.S.C. §§ 2201, 2202. 42 U.S.C. § 1983* which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.[1]

### III.

### SUBJECT REAL PROPERTY AT ISSUE

The Real Property (herein after referred to as "Property"), the subject of any and all claims of any of the Parties hereto, and which is the subject of instant action, and that of which Plaintiff prays for a Decree and/or Order of Declaratory Relief thereto. The "Subject Property" address and legal description is as follows: 13688 Cambridge Place, Chino, CA 91710. More particularly, the legal description of this property is:

LOT 2 OF TRACT NO. 13190, AS PER PLAT RECORDED IN BOOK 194 OF MAPS, PAGES 20 TO 24, INCLUSIVE, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Assessor's Parcel No: 1020-531-41-000-0.

### IV.

### IDENTITY OF PARTIES

---

[1] The Ninth Circuit instructs that in actions brought under *28 U.S.C. § 2201*, district courts must first determine whether there is actual controversy within its jurisdiction by analyzing the factors enumerated in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). The *Brillhart* factors require the Court to 1) avoid needless determination of state law issues; 2) discourage litigants from filing declaratory actions as a means of forum shopping; and 3) avoid duplicative litigation. *Brillhart*, 316 U.S. at 495; *see also Schafer v. Citimortgage* No. CV 11-0319, 2011 WL 2437267 (C.D. Cal. June 15, 2011). As held by the court in *Schafer*, this action does not involve a needless determination of state law issues, does not involve forum shopping, and is not duplicative litigation.

COMPLAINT

Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto Defendant, WELLS FARGO BANK, N.A., herein referred to as WELLS FARGO, is a national banking and lending institution licensed to do business in the State of California, in and of the County and City where subject "PROPERTY" is so situated and physically located which is within this Courts Judicial District.  WELLS FARGO claims they were granted all beneficial interest in the Deed of Trust from World Savings Bank, FSB, hereinafter referred to as WSB, the originating lender, when they acquired all of Wachovia Mortgage, FSB's, hereinafter referred to as Wachovia, assets.

Plaintiff is informed and believes and thereon alleges, that in committing certain acts alleged, some or all of the Defendants named were acting as the Agents, Joint Ventures, Partners, Representatives, Subsidiaries, Affiliates, Associates, Successors, Assigns and/or Employees and/or Agents or some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope and agency of such relationship.

At all times mentioned in this Complaint, Plaintiff, CHAMPAN R. WASHING-TON, is an individual consumer and is the owner, both legal and equitable, of the certain Subject Property.

## V.

## DATE OF DETERMINATION

Plaintiff herein request that the date of the Judicial determination sought be that of the date of the Notice of Rescission mailed to Defendant which is May 2, 2016.

4

COMPLAINT

## VI.

## ISSUES PRESENTED

TILA, *15 U.S.C. § 1635*, *Reg. Z §226.23* allows for a party to rescind the Note and Deed of Trust by operation of law.  This occurred in this case as of May 2, 2016 when Plaintiff sent a Notice to Rescind to Defendant, WELLS FARGO, by fax and regular mail, and more than twenty (20) days have elapsed without a declaratory action being filed against Plaintiff by WELLS FARGO.

Specifically, the undisputed evidence shows that Plaintiff rescinded the Note and Deed of Trust under TILA *15 U.S.C. § 1635* on May 2, 2016, effectively voiding the contract and debt.  Therefore, Defendant has no standing to enforce the Deed of Trust or collect payments under the contract because the contract has been extinguished by operation of law as of May 2, 2016.

The facts are clear and undisputed; the loan that is the subject matter of this case was rescinded and extinguished by operation of law on May 2, 2016.  Since Defendant WELLS FARGO failed to challenge the Notice to Rescind within the twenty (20) statutory days mandated under TILA, Defendant, WELLS FARGO, and any other entity, cannot obtain any right or interest to enforce a contract that was made void after May 2, 2016.

### A.    Material Facts Leading to Notice of Rescission

On November 29, 2006, Plaintiff acknowledges that a consumer loan transaction was executed with World Savings Bank, FSB, hereinafter referred to as WSB, for the

COMPLAINT

refinancing of her single family residence.  Plaintiff acknowledges that a Promissory Note ("Note") was executed as part of the Loan transaction.  Additionally, based upon information and belief, in connection with the Loan transaction, WSB took a security interest in the Subject Property in the form of a Deed of Trust recorded with the San Bernardino County Recorder's Office on December 5, 2006 as Instrument No. 2006-0838114.  A copy of the Deed of Trust is attached hereto as **Exhibit "A"** and incorporated herein by reference.

Amidst disturbing news surrounding banks and lenders regarding the mortgage crisis, and all the settlements and lawsuits that involves WELLS FARGO, Plaintiff decided to inquire and track information regarding the ownership of her debt obligation.

On April 20, 2016, Plaintiff mailed WELLS FARGO, her servicer and alleged beneficiary of her debt obligation, a Qualified Written Request ("QWR") requesting that they supply Plaintiff with certain information pertaining to the debt obligation.  Attached as **Exhibit "B"** and incorporated herein by reference is a copy of Plaintiff's QWR.  Defendant WELLS FARGO failed to respond to Plaintiff's QWR request and failed to provide the information and documentation requested.

Plaintiff, upon information and belief, thereon believes the debt obligation was transferred, assigned and/or sold to a private Trust known as the World Savings Bank Mortgage Pass-Through Certificates REMIC 27 Trust.  The REMIC 27 Trust had a closing date of on or about December 26, 2006, well before WELLS FARGO acquired the remaining assets from Wachovia on December 31, 2008.  Plaintiff contends that

COMPLAINT

Defendant WELLS FARGO is not the true beneficiary of her debt obligation and she was not and still has not been informed of the true identity of the entity that owns her debt obligation.

As of the date of the filing of this action, WELLS FARGO has not followed the California Uniform Commercial Code in endorsing the subject Promissory Note and perfecting its security interest through valid assignments. There is no evidence of any such documentation in the San Bernardino County records. Pursuant to TILA, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected". (Official Staff Commentary *§§ 226.15(d)(1)-1, 226.23(d)(1)-1.*).

Plaintiff faxed and mailed to Defendant, WELLS FARGO, a Notice to Rescind, cancelling the debt obligation on May 2, 2016. Attached as **Exhibit "C"** and incorporated by reference is a copy of Plaintiff's Notice to Rescind and the fax confirmation transmission. Defendant, WELLS FARGO, received Plaintiff's notice on May 2, 2016 by fax and has failed to take the mandatory steps required under TILA. Defendant WELLS FARGO acknowledged receipt of Plaintiff's Notice to Rescind by way of a letter dated May 20, 2006. Attached as **Exhibit "D"** and incorporated herein by reference is a copy of the May 20, 2016 response letter from Defendant WELLS FARGO.

Under the TILA, a lender and/or creditor has no right or authority to grant or deny, agree or disagree with a Notice to Rescind. It is effective by operation of law the day it is

COMPLAINT

mailed or faxed out.  Strict construction of Reg. Z would dictate that the voiding be considered absolute and not subject to judicial modification.  If Defendant, WELLS FARGO, wanted to challenge Plaintiff's Notice to Rescind or her right to rescind, they were required to file a declaratory action against Plaintiff within the statutory twenty (20) day period mandated under TILA.  They failed to do so.

## B.   Plaintiff is Entitled to Declaratory Relief Based on the Notice to Rescind Pursuant to TILA

Erroneously, lower Courts have misinterpreted *15 U.S.C § 1635* as requiring the obligor to file a lawsuit to effect rescission.  However, the plain language of the statute puts no such requirement on the obligor.  That provision "says nothing in terms of an action" or a "suit's commencement"; rather it speaks to the "duration" of the rescission right.  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998).  The *Supreme Court* found nowhere does *15 U.S.C. § 1635(a)* allow for a debate as to disputed or undisputed notices; simply put the transaction and its contracts are void as a matter of law upon mailing the Notice to Rescind. *Jesinoski, supra*, at 793.  Based on the clarification of the TILA rescission by the *Supreme Court*, Plaintiff's contract became void as of May 2, 2016.  Regardless to whether Defendant feels it was not timely, they failed to file a declaratory action against Plaintiff within the statutory and mandatory twenty (20) day period.  Regardless to whether the creditor fulfills its legal requirement to return all funds paid on the loan and reflect the termination of the security instrument, the loan no longer exists; the contract is void and any acts by any party based on the loan or contract are illegal.

COMPLAINT

Reg. Z provides that "to exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication." *12 C.F.R. § 226.23(a)(2)*. Plaintiff properly faxed and mailed the rescission to Defendant WELLS FARGO as servicer and alleged beneficiary of Plaintiff's debt obligation.

The Office Staff Commentary, a commentary made by the Federal Reserve, clearly indicates notice to an agent can suffice as notice to the principal and according to the Consumer Financial Protection Bureau and the Dodd-Frank Act, a Notice to Rescind may be mailed or faxed to the mortgage servicer. Rescission rights are equally enforceable against original creditors and assignees. *Mattek v. Deutsche Bank Nat. Trust Co.*, 766 F.Supp.2d 899, 902 E.D. Wis. 2011; *Hubbard v. Ameriquest Mortgage Co.,* No. 05 CV 389, 2008 WL 4449888 (N.D. Ill. Sept. 30, 2008). Both TILA and its implementing regulation only require rescission notification to the "creditor". *15 U.S.C. § 1635(a)*; *12 C.F.R. § 226.23(a)(2)*. Under TILA, a creditor refers to the person to whom the debt arising from the transaction is initially payable on the face of the evidence of indebtedness, the original lender. *15 U.S.C. § 1602(f)*. In the case at bar, the original creditor would be identified as Defendant WELLS FARGO because they allegedly acquired World Savings Bank even though they did NOT acquire Defendant's debt obligation.

Pursuant to TILA, if a creditor acquiesces (fails to challenge the Notice to Rescind by filing a declaratory action against the borrower) at the outset of the notice of rescission, "then the transaction [is] rescinded automatically, thereby causing the security

COMPLAINT

interests to become void and triggering the sequence of events laid out in subsections *(d)(2)* and *(d)(3)* [of *Reg. Z, 12 C.F.R. § 226.23*, which implements *15 U.S.C. § 1635(b)*]." *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003).

Both Congress and the U.S. Supreme Court agree that there is nothing left for the borrower to do other than dropping a notice to rescind in the mail. It is EFFECTIVE BY OPERATION OF LAW at the point of mailing. The whole point is that a borrower doesn't need to be or have a lawyer in order to cancel the loan contract, the Note and the Deed of Trust with the same force as if a Judge ordered it. **No lawsuit, no proof is required from the borrower. No tender is required as it would be in common law rescission**.

Lender(s) ***must*** comply within twenty (20) days – return canceled note, satisfy mortgage, and return money to borrower ***or*** in the alternative Lenders ***must*** file a lawsuit challenging the rescission within twenty (20) days or their defenses are forever waived. Plaintiff's creditor failed to take that action. Any other interpretation would make the rescission contingent, which is opposite of what TILA and the U.S. Supreme Court say.

Justice Scalia and a unanimous Supreme Court affirmed in *Jesinoski v. Countrywide*, 574 U.S. 2015), the clear import of *15 U.S.C. §1635(a)* is that a borrower need only provide written notice to a lender in order to exercise his right to rescind. **The statute makes no distinction between the right to rescind in 3-days or extended as neither case nor statute give courts equitable discretion to alter TILA's substantive provisions**.

COMPLAINT

The Notice to Rescind was faxed and mailed on May 2, 2016.  Defendant WELLS FARGO had twenty (20) days to file an action to dispute the Notice to Rescind and chose NOT to do so.  The loan, Deed of Trust, and/or contract are void and must be cancelled as a matter of law effective May 2, 2016.

Since Defendant WELLS FARGO failed to take possession of Plaintiff's Property within 20 days or failed to file a declaratory action against her within 20 days, the statute and Reg. Z are both explicit that ownership of the money or property vests with the Plaintiff without any further obligation to pay for it.  *15 U.S.C. § 1635(b)*; *Reg. Z §§ 226.15(d)(3), 226.23(d)(3)*.  See *Arnold v. W.D.L. Inv., Inc.*, 703 F.2d 848, 851 (5th Cir. 1983).

Since Defendant WELL FARGO's performance is a condition precedent to the Plaintiff's tender obligation, Plaintiff's Step 3 duty to tender is never triggered because Defendant WELLS FARGO simply disregarded Plaintiff's rescission notice.  *Gil v. Mid-Penn Consumer Discount Co.*, 671 F. Supp. 1021 (E.D. Pa. 1987).

Defendant WELLS FARGO's lack of compliance with TILA creates an automatic remedy which arose when they failed to comply with its mandatory obligations under the TILA first.  Viewed another way, Defendant WELLS FARGO's entitlement to return of the tender amount is conditioned on its own compliance with the statutory mandates.  Defendant failed to follow the mandatory requirements under the TILA.

## VII.

## **PLAINTIFF DOES NOT HAVE TO ALLEGE INJURY OR PREJUDICE**

The purpose of TILA is to promote the "informed use of credit…[and] an awareness of the cost thereof by consumers". *Schroder v. Suburban Coastal Corp.*, 729 F.2d 1371, 1380 (11th Cir. 1984).

Congress intended the statute to create a system of private attorneys general to aid its enforcement, thus, to further its remedial purpose, the courts are to liberally construe its language in favor of the consumer. *McGowan v. King, Inc.*, 569 F.2d 845, 848 (5th Cir. 1978). Accord *Smith v. Fidelity Consumer Discount Co.* 896, 898 (3rd Cir. 1990). Additionally, creditors must **strictly** comply with TILA's requirements. *Shroder*, 729 F.2d at 1380. Moreover, the consumer may sue for enforcement even if she is not actually deceived or harmed. *Zamarippa v. Cy's Car Sales*, 674 F.2d 877, 879 (11th Cir. 1982).

It is now well-settled that an objective standard is used in determining violations of TILA. It is not necessary that the plaintiff-consumer actually have been deceived in order for there to be a violation. *McGowan v. King, Inc.*, 569 F.2d 845, 849 (5th Cir. 1978). TILA is primarily enforced through lawsuits filed by consumers acting as "private attorneys general." *McGowan v. King, supra*, 569 F.2d at 848-49; *McGowan v. Credit Center of North Jackson, Inc.*, 546 F.2d 73, 77 (5th Cir. 1977); *Sosa v. Fite*, 498 F.2d 114, 121 (5th Cir. 1974); *Thomas v. Myers-Dickson Furniture Company*, 479 F.2d 740, 748 (5th Cir. 1973).

The remedial scheme in the TILA Act is designed to deter generally illegalities which are only rarely uncovered and punished, and not just to compensate borrowers for

COMPLAINT

their actual injuries in any particular case. *Williams v. Public Finance Corp.,* 598 F.2d 349, 356 (5th Cir. 1979).

Second, the applicable standard is strict compliance with the technical requirements of the Act.  Only adherence to a strict compliance standard will promote the standardization of terms which will permit consumers readily to make meaningful comparisons of available credit alternatives. *15 U.S.C.A. § 1601*; *Pennino v. Morris Kirschman and Co., Inc.,* 526 F.2d 367, 370 (5th Cir. 1976); *Houston v. Atlanta Federal Savings & Loan Association,* 414 F.Supp. 851, 855 (N.D.Ga.1976); *Powers v. Sims & Levin Realtors,* 396 F.Supp. 12, 20 (E.D.Va.1975).

## A.    Doctrine of Equitable Tolling and Discovery Doctrine

It was not until earlier this year when Plaintiff inquired about her debt obligation that she became aware and was able to have an understanding of how her rights were violated.  It was at that time that Plaintiff exercised her right to rescind by sending the Notice to Rescind to Defendant WELLS FARGO.

The doctrine of equitable tolling is derived from **the belief that a statute of limitation should not run against a Plaintiff who is unaware of his cause of action.** *See Mucha v. Dwinski*, 1991 WL 46534 which held**:**

> The doctrine of equitable tolling is derived from the belief that a statute of limitation should not run against a plaintiff who is unaware of his cause of action.  *Cerbone v.Intern. Ladies' Garment Workers' Union*, 768 F.ed 45, 48 (ed Cir. 1985).  While originally developed in the context of actions based on fraud, the doctrine has been applied in situations where the defendant has engaged in conduct that concealed from the plaintiff the existence of the action of action.  Ibid.  Thus, as a "matter of fairness," a court may toll the running of the applicable

13

COMPLAINT

limitation period where an employee has been "misled by his employer"
or where some "extraordinary" circumstance has prevented him from
exercising his rights. *Cerbone, supra* at 49; *Miller v. Intern. Tel. & Tel.
Corp.*, 755 F.2d 20, 24 (2d Cir.) cert. denied, 474 U.S. 851, 106 S. Ct.
148, 88 L.Ed.2d 122 (1985); *see also Dillman V. Combustion
Engineering, Inc.*, 784 F.2d 57, 60 (2d Cir. 1986).

## B.   Burden of Proof and Elements

All Plaintiff is required to show is the loan was rescinded by virtue of a written

notice.  Period.  Plaintiff has done so as evidenced by **Exhibit "C"**.

## C.   No Tender Required

Pursuant to TILA, after Defendant, WELLS FARGO, received Plaintiff's Notice of

Rescission, it had two options to take within the statutory twenty (20) day calendar

period.  It could have begun the unwinding process by returning the down payment or

earnest money and taking action to "reflect the termination of [the] security interest,"

pursuant to *15 U.S.C. § 1635(b)*.  Those actions would, in turn, have triggered Plaintiff's

obligation to tender a payoff of the remaining amount.  *See Lippner v. Deutsche Bank

Nat'l Trust Co.*, 544 F. Supp. 2d at 702 ("The issue of whether [the borrower] can satisfy

her rescission obligations [does] not arise until [the lender] ha[s] completed [its]

obligations pursuant to TILA.")  In the alternative, Defendant, WELLS FARGO, could

have filed a declaratory lawsuit against Plaintiff to dispute Plaintiff's right to rescind the

loan.  Defendant did neither of those things and the time for them to act has expired.

Under TILA, after the statutory twenty (20) days are completed, the rescission is no

longer subject to attack and its effective upon the date it was mailed.

//

14

COMPLAINT

### D.    As a Matter of Law the Notice of Rescission was Effective

The Notice to Rescind was faxed and mailed on May 2, 2016; the creditor, Defendant, WELLS FARGO, received it on May 2, 2016 and they had twenty (20) days to file an action in dispute of the Notice to Rescind and chose NOT to do so.  The loan, Deed of Trust, and/or contract is void and must be cancelled as a matter of law effective May 2, 2016.

### VIII.

### FAILURE OF DEFENDANT TO TAKE ACTION

Since Congress intended the rescission process to be self-enforcing, failure to comply with the rescission obligations subjects Defendant WELLS FARGO to potential liability.  Non-compliance is a violation of the Act which gives rise to a claim for actual and statutory damages under *15 U.S.C. 1640*.  TILA rescission does not only cancel a security interest in the property but it also cancels any liability for the homeowner to pay finance and other charges, including accrued interest.

TILA and Reg. Z states that if creditor disputes the consumer's right to rescind, **it should file a declaratory judgment action within the twenty (20) days after receiving the rescission notice**, before its deadline to return the consumer's money or property and record the termination of its security interest (*15 U.S.C. 1635(b)*).  Once Defendants received Plaintiffs' notice, the statute and Reg. Z mandate 3 steps to be followed. Defendant WELLS FARGO failed to comply with the steps.

Because Defendant failed to follow TILA's mandated steps, Plaintiff has a right to

COMPLAINT

enforce the rescission (See S. Rep. No. 368, 96th Cong. 2 Sess. 28 at 32 reprinted in 1980 U.S.C.A.N 236, 268 ("The bill also makes explicit that a consumer may institute suit under *section 130 [15 U.S.C., 1640]* to enforce the right of rescission and recover costs and attorney fees").

The statute makes no distinction between the right to rescind in 3-day or extended as statute makes no distinction between the right to rescind in 3-day or extended as neither cases nor statute give courts equitable discretion to alter TILA's substantive provisions.

Once the court finds a violation such as not responding to the TILA rescission letter, no matter how technical, it has no discretion with respect to liability (in *re Wright, supra.* at 708; In *re Porter v. Mid-Penn Consumer Discount Co.*, 961 F.2d 1066, 1078 (3d. Cir. 1992); *Smith v. Fidelity Consumer Discount Co., supra.* at 898. Any misgivings creditors may have about the technical nature of the requirements should be addressed to Congress or the Federal Reserve Board, not the courts.

## **FIRST CAUSE OF ACTION - DECLARATORY RELIEF**
### [Against All Defendants]

1. Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

2. *Section 2201(a) of Title 28* of the United States Code states:

> In case of actual controversy within its jurisdiction, except with to Federal taxes other than actions of brought under *section 7428* of the Internal Revenue Code of 1986, a proceeding under *section 505 or 1146 of title 11*, or in any civil action involving an anti-dumping or countervailing duty proceeding

COMPLAINT

> regarding a class or kind of merchandise of a free trade area country (as defined in *section 516A(f)(10)* of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

*Section 2202 of Title 28* of the United States Code states:

> Further necessary or property relief based on declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

3. Plaintiff alleges that Defendant WELLS FARGO its successors and/or assigns does not have a secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust and Note which are wholly unsecured.

4. Thus, the competing allegations made by Plaintiff, above, establish that a real and present controversy exists as to the respective rights of the parties to this matter, including ownership of the Property.

5. Accordingly, Plaintiff requests that the Court make a finding and issue appropriate orders stating that Defendant WELLS FARGO its successors and/or assigns, does not have any rights or interest in Plaintiff's Note and Deed of Trust, or the Property which authorized them, in fact or as a matter of law to enforce the terms of the Note and Deed of Trust in any matter whatsoever.

6. Due to actual case and controversy regarding competing claims and allegations, it is necessary that the Court declare the actual rights and obligations of the parties and

COMPLAINT

make a determination as to whether Defendant WELLS FARGO its successors and/or assigns claims against Plaintiff's Property are enforceable and whether they exist, was secured or unsecured by any right, title or interest in Plaintiff's Property.

## SECOND CAUSE OF ACTION – RESCISSION OF MORTGAGE PURSUANT TO 15 U.S.C. § 1601, ET SEQ. ("TILA")
[Against All Defendants]

7. Plaintiff hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

8. The Transaction was subject to Plaintiff's right of rescission as described by *15 U.S.C. §§ 1635*, and *Reg. Z § 226.15 (12 C.F.R. § 226.15)*. Defendant WELLS FARGO is a creditor within the meaning of TILA as implemented by Reg. Z.

9. Plaintiff rescinded the Transaction by sending a Notice to Rescind to Defendant WELLS FARGO by fax and regular mail on May 2, 2016.

10. Under the Act and Reg. Z, after Defendant received the rescission, TILA process mandates three (3) steps. **Step One**, by operation of law, the security interest automatically becomes void and the consumer is relieved of any obligation to pay any finance or other charge. **Step Two**, Defendant WELLS FARGO had twenty (20) calendar days from receipt of the consumer's cancellation notice to return (or credit back) any money or property given to anyone, and to take any action necessary to reflect the termination of the security interest. **Step Three, after the creditor** has complied with the preceding mandate, the consumer is to tender back to the creditor any money or property received. *15 U.S.C. § 1635(b)*; *Reg. Z §§ 226.15(d)(1), 226.23(d)(2)*. No action

COMPLAINT

has been taken by Defendant.

11.  More than twenty (20) calendar days have elapsed since Plaintiff's Notice to Rescind was faxed and mailed on May 2, 2016.  If Defendant WELLS FARGO wanted to challenge the Notice to Rescind, they had to file a declaratory judgment action within twenty (20) calendar days after receiving the rescission notice, before its deadline to return the consumer's money or property and record the termination of its security interest.  *15 U.S.C. § 1635(b).*  Defendant WELLS FARGO failed to take any action.

12.  Since Defendant WELLS FARGO failed to comply with the statute within twenty (20) calendar days, they have waived ***any and all defenses*** and are now in violation of their statutory duties.  Thus, they have given up their right to make a claim for the money that allegedly was loaned to Plaintiff.  The debt is not only unsecured, but it is eradicated starting with the rescission notice and ending with Defendants' failure to comply with the statute within the twenty (20) calendar day period under the TILA.

13.  The prong of Step 1, the termination of the security interest by operation of law, has specifically been held immune from courts' equitable modification authority.  *15 U.S.C. 1635(b)*; *Reg. Z-226.15(d)(1), 226.23(d)(1)*.  *See Willis v. Friedman*, Clearinghouse No. 54,564 (Md. Ct. Spec. App. May 2, 2002) (Once the right to rescind is exercised, the security interest in borrower's property becomes void ab initio).  *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 705-06 (9th Cir. 1986).  Strict construction of Reg. Z would indicate that the automatic voiding be considered absolute, and not subject to judicial modification.  *Eveland v. Star Bank, N.A.*, 976 F. Supp. 721

COMPLAINT

(S.D. Ohio 1997).  Thus, the security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative response to the note.  *See Family Financial Services v. Spencer*, 677A. 2d 479 (Conn.App.1996) (all that is required is notification of the intent to rescind, and the agreement is automatically rescinded).  It is clear from the statutory language that the court's modification authority extends only to the procedures specified by *section 1635(b)*.  The voiding of the security interest in not a procedure, in the sense of a step to be followed or an action to be taken.  It is by operation of law.

14.  Defendants have failed and refused to take Step 2 of the Act.  Since Plaintiff has legally rescinded the loan transaction, Defendant was to return any money, including that which may have been passed on to a third party and to take any action necessary to reflect the termination of the security interest within 20 calendar days of receiving the notice which has expired, which includes the termination of any security interest created under the Transaction, including termination of the Deed of Trust recorded against Plaintiff's Property, as required by *15 U.S.C. § 1635(b)* and *Reg. Z § 226.15(d)(2)*.

15.  Defendant WELLS FARGO's other task was to take any necessary or appropriate action to reflect the fact the security interest was automatically terminated by the rescission within 20 days of their receipt of the rescission notice (*15 U.S.C. § 1635(b)*; *Reg. Z-226.15(d)(2)*, *226.23(d)(2)*.  Defendant WELLS FARGO has failed perform the mandatory act of Step 2 of TILA and are in violation of the Act.

16.  Plaintiff seeks an order for declaratory relief to Plaintiff's Property, free from any encumbrance, lien or cloud created as a result of the Transaction.

17.  Plaintiff seeks to declaratory relief as of May 2, 2016, the date the Notice to Rescind was mailed out.

18.  Defendant violated TILA and Reg. Z by, *inter alia*:

    a.  failing to provide accurate disclosure of Plaintiff's actual beneficiary;

    b.  failing to disclose information regarding Plaintiff's debt obligation;

    c.  failing to follow the mandatory steps required under TILA.

19.  There material TILA violations give Plaintiff an extended right to rescind the equitable loan transaction.

20.  As a result of Defendant WELLS FARGO's failure to provide accurate material disclosure to Plaintiff, Plaintiff is entitled and has exercised her right to rescission of the Transaction.

21.  The acts and omissions of WELLS FARGO as described herein were willful, wanton and in conscious disregard of Plaintiff's rights.

22.  Plaintiff is entitled to an injunction against WELLS FARGO prohibiting them from enforcing its rights to foreclose on the Property for the violations of law alleged herein.

### THIRD CAUSE OF ACTION – CANCELLATION OF INSTRUMENTS
[Against All Defendants]

23.  Plaintiff hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

24.  A void or voidable instrument that might cause harm to a party, if left outstanding or in the chain of title, can be removed by remedy of cancellation pursuant to

COMPLAINT

*California Civil Code §§ 3412-3414.* Plaintiff is entitled to an order cancelling the void documents and compelling delivery of the original documents to Plaintiff.

25. TILA is very clear. Since Defendant WELLS FARGO failed to take the mandatory steps required under TILA within twenty (20) days, ownership of the property vests in the Plaintiff without obligation on her part to pay for it. *15 U.S.C. § 1635(b).*

26. Here, Plaintiff clearly notified Defendant of her intent to rescind the loan by U.S.P.S. Priority mail. Under the Supreme Court ruling in *Jesinoski*, the homeowner need only notify the lender/creditor of their intent to rescind the loan. The homeowner does not need to file an action to enact the rescission. It is effective upon mailing.

27. Defendant WELLS FARGO failed to follow the mandatory steps required under TILA within the statutory twenty (20) day period. Since WELLS FARGO failed to comply with the Statute within the statutory timeframe, they have given up their right to make a claim against Plaintiff for the obligation owed.

28. Thus, since the Deed of Trust and the Promissory Note are cancelled by operation of law, Plaintiff is entitled to Cancellation of Instruments of all documents pertaining to the now void and cancelled debt obligation.

29. Plaintiff therefore seeks cancellation of all wrongfully prepared and recorded instruments.

## FOURTH CAUSE OF ACTION – ACCOUNTING
### [Against All Defendants]

30. Plaintiff hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

31.  Defendant WELLS FARGO has held themselves out to be Plaintiff's creditor and mortgage servicer.  As a result of this purported relationship with Plaintiff, said Defendant has a fiduciary duty to Plaintiff to properly account for payments made by Plaintiff.

32.  As a result of the aforementioned fraudulent conduct, Plaintiff paid Defendant WELLS FARGO her mortgage payments for years.  However, for the reasons stated herein, none of this money was actually owed to Defendant.  Due to Defendant's lack of disclosure, Plaintiff exercised her right to rescind.

33.  After Defendant received Plaintiff's Notice to Rescind on May 2, 2016, they had twenty (20) calendar days to return (or credit back) any money given to anyone in connection with the loan transaction.   Defendant failed to take those mandatory actions.

34.  The amount of money due from Defendant WELLS FARGO to Plaintiff is unknown to Plaintiff and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions.  Plaintiff is informed and believe and thereon on alleges that the amount due to her exceeds $75,000.00.

## FIFTH CAUSE OF ACTION – BREACH OF CONTRACT
### [Against All Defendants]

35.  Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

36.  As previously set forth in the paragraphs in this Complaint, Plaintiff is informed and believes and thereon alleges that after the origination and funding of her loan, it was sold to investors as a "Mortgage Backed Securities" and that Defendant

COMPLAINT

WELLS FARGO does not own nor did they ever own Plaintiff's debt obligation or the corresponding Note, or were parties to the Promissory Note and corresponding Deed of Trust.

37.  Alternatively, if the original Note and Deed of Trust were properly assigned to Defendant WELLS FARGO, WELLS FARGO breached the Note and Deed of Trust that was executed on November 29, 2006.

38.  The terms of the Note required payments made be applied properly to the Note, they were not.  Payments have been inappropriately applied to entities unknown and states the Plaintiff is wrongfully in default.

39.  As a proximate result of Defendant WELLS FARGO's breaches, Plaintiff has suffered compensatory damage in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION – VIOLATION OF 12 US.C. § 2605

40.  Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

41.  The Subject Loan is a federally regulated mortgage loan and is subject to the Federal Real Estate Procedures Act (RESPA) and its implementing regulation, Regulation X.

42.  On April 20, 2016, Plaintiff sent Defendant WELLS FARGO a Qualified Written Request, ("QWR") via U.S. Mail and fax.  The QWR contained information to enable Defendant WELLS FARGO to identify Plaintiff's loan and also contained requests for information of the loan, specifically the identity and contact information of

COMPLAINT

the holder in due course of Plaintiff's Note and Deed of Trust, accumulated fees and charges, and requested information to verify the validity of the purported debt owed allegedly to Defendant WELLS FARGO.

43.    Defendant WELLS FARGO failed to respond to Plaintiff's request in a manner as required by law.  They failed to comply with the requirements of *12 U.S.C. § 2605, et seq.* and supply Plaintiff with all of the information she requested.

44.    Because the mortgage loan is subject to RESPA and Regulation X, WELLS FARGO was required to comply with Section 6 of RESPA appearing at *12 U.S.C. § 2605.* Defendant WELLS FARGO violated section 6 of Regulation X upon receipt of Plaintiff's QWR by their actions including, but not limited to: (a) failure to make appropriated corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of the correction; and (b) failure to protect Plaintiff's credit rating upon receipt of Plaintiff's QWR by furnishing adverse information regarding the ownership of Plaintiff's debt obligation and regarding payment to credit reporting agencies as defined in *section 603* of the Fair Credit Reporting Act, *15 U.S.C. § 1681(a).*

45.    Thus, Defendant WELLS FARGO violated *12 U.S.C. § 2605* and is subject to statutory damages, civil liability, penalties, attorneys' fees and actual damages. *See 12 U.S.C. § 2605.* The actual pecuniary damages include, but are not limited to, the over calculation and overpayment of interest on Plaintiff's loan, the costs of repairing Plaintiff's credit, the reduction and/or elimination of Plaintiff's credit limits, costs

COMPLAINT