1  Jeffrey S. Gerardo #146508
2  Steven M. Dailey #163857
   KUTAK ROCK LLP
   Suite 1500
3  5 Park Plaza
   Irvine, CA  92614-8595
4  Telephone: (949) 417-0999
   Facsimile:  (949) 417-5394
5  Email:     jeffrey.gerardo@kutakrock.com
   Email:     steven.dailey@kutakrock.com
6
   Attorneys for Defendant WELLS FARGO
7  BANK, N.A., SUCCESSOR BY MERGER
   TO WACHOVIA MORTGAGE, FSB
8  [erroneously sued as "Wells Fargo Bank,
   N.A. Successor By Merger with Wachovia
9  Mortgage, FSB; Formerly Known As World
   Savings Bank, FSB Its Successors and/or
10 Assigns"]

11            **UNITED STATES DISTRICT COURT**

12        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13                    **EASTERN DIVISION**

14
   CHAMPAN R. WASHINGTON,          | Case No.  5:17-cv-00054-JFW (DTBx)
15
                    Plaintiff,      | Assigned to
16                                  | District Judge:  Hon. John F. Walter
            v.                      | Courtroom: 7A
17
   WELLS FARGO BANK, N.A.,         | Assigned Discovery
18 successor by merger with        | Magistrate Judge:  Hon. David T. Bristow
   Wachovia Mortgage, FSB;
19 formerly known as World Savings  | **NOTICE OF MOTION AND**
   Bank, FSB Its Successors and/or  | **MOTION TO DISMISS**
20 Assigns; and DOES 1 – 10,        | **PLAINTIFF'S FIRST AMENDED**
   inclusive,                       | **COMPLAINT; MEMORANDUM OF**
21                                  | **POINTS AND AUTHORITIES IN**
                    Defendants.     | **SUPPORT THEREOF**
22
                                    | [Federal Rule of Civil Procedure, Rule
23                                  | 12(b)(6)]

24                                  | Filed and served concurrently with Motion
                                    | to Strike Portions of First Amended
25                                  | Complaint and Request for Judicial Notice

26                                  | Date:     August 14, 2017
                                    | Time:     1:30 p.m
27                                  | Ctrm.:    7A

28                                  | Date Filed:     January 12, 2017

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-0925-5243.1                          - 1 -              17-cv-00054-JFW (DTBx)
_____
              MOTION TO DISMISS FIRST AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that that on August 14, 2017, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 7A, of the above-entitled court, located at 350 W. First Street, Los Angeles, California, Defendant WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE, FSB ["WELLS FARGO"], will and hereby does move this Court to dismiss the First Amended Complaint against WELLS FARGO in this case.

The Motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that the entire Complaint and each purported cause of action contained therein fails to state a claim upon which relief can be granted against WELLS FARGO.  Specifically:

1.    WELLS FARGO moves to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because the First Complaint is barred by the doctrine of *res judicata.*

2.    WELLS FARGO moves to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff lacks standing to prosecute the claims asserted because the Chapter 7 trustee has standing.

3.    WELLS FARGO moves to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff should be judicially estopped from asserting these claims not on her bankruptcy schedules.

4.    WELLS FARGO moves to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's inability to tender is a complete bar to each cause of action attacking foreclosure.

///

5.   WELLS FARGO moves to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's claims attacking authority to foreclose fail.

6.   WELLS FARGO moves to dismiss Plaintiff's First Claim for Declaratory Relief on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) that no actual controversy is sufficiently alleged, and B) no underlying valid claims exists to support a claim for declaratory relief.

7.   WELLS FARGO moves to dismiss Plaintiff's Second Cause of Action for "Violation of 12 U.S.C. § 2605" ("RESPA") on the basis that Plaintiff fails to state  a claim upon which relief can be granted because A) Plaintiff's purported Qualified Written Request is not a Qualified Written Request, and B) no basis for damages are alleged.

8.   WELLS FARGO moves to dismiss Plaintiff's Third Cause of Action for Violation of 15 U.S.C. section 1692 on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) allegations against non-parties fail to state a claim against WELLS FARGO, B) WELLS FARGO is not a "debt collector", C) foreclosure does not constitute "debt collection" pursuant to the FDCPA, and D) Plaintiff's allegations regarding debt validation do not constitute a claim under the FDCPA.

9.   WELLS FARGO moves to dismiss Plaintiff's Fourth Cause of Action for "Violation of 15 U.S.C. § 1692f(6) et seq." on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) allegations against non-parties fail to state a claim against WELLS FARGO, B) WELLS FARGO is not a "debt collector", C)  foreclosure does not constitute "debt collection" pursuant to the FDCPA, and D) Plaintiff's allegations regarding debt validation do not constitute a claim under the FDCPA.

///

10.     WELLS FARGO moves to dismiss Plaintiff's Fifth Cause of Action for "Cancellation of Instruments" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) no basis for rescission is plead, and B) Plaintiff failed to allege tender.

11.     WELLS FARGO moves to dismiss Plaintiff's Sixth Cause of Action for "Violation of California Business & Professions Code § 17200, et seq." on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) this claim is not plead with sufficient particularity, B) Plaintiff has not alleged loss of money or property, C) Plaintiff has not alleged any factual basis for a causal connection between WELLS FARGO and her own default on the loan.

This Motion is made following conference of counsel pursuant to L.R. 7-3 as described in Meet and Confer statement.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and records on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Dated:  July 10, 2017                    KUTAK ROCK LLP


By:  /s/ *Steven M. Dailey*
Jeffrey S. Gerardo
Steven M. Dailey
Attorneys for Defendant
WELLS FARGO BANK, N.A.,
SUCCESSOR BY MERGER TO
WACHOVIA MORTGAGE, FSB

# TABLE OF CONTENTS

Page

1.   INTRODUCTION...................................................................................... 1

   A.   Plaintiff's Allegations in the FAC. ...................................................... 2

   B.   Recorded Documents. ......................................................................... 3

   C.   Procedural History of this Action. ....................................................... 4

   D.   Plaintiff's Bankruptcy Cases................................................................ 5

      (1)   In re Washington, United States Bankruptcy Court for the Central District of California, Case No. 6:16-bk-13959-SC................................................................................................ 5

      (2)   In re Washington, United States Bankruptcy Court for the Central District of California, Case No. 6:16-bk-17695-SC................................................................................................ 6

      (3)   Washington v. Wells Fargo Bank, N.A., United States Bankruptcy Court, Central District of California,     No. 6:16-ap-01263-SC........................................................................ 6

2.   THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ....................................................................... 7

3    PLAINTIFF'S COMPLAINT IS BARRED BY THE DOCTRINE OF RES JUDICATA DUE TO THE JUDGMENT ENTERED IN WASHINGTON I............................................................................................. 8

4.   PLAINTIFF LACKS STANDING TO PROSECUTE THE CLAIMS ASSERTED IN THE FIRST AMENDED COMPLAINT. .......................... 10

5.   PLAINTIFF SHOULD BE JUDICIALLY ESTOPPED FROM ASSERTING THESE CLAIMS NOT ON HER BANKRUPTCY SCHEDULES. ....................................................................................... 12

6.   PLAINTIFF'S INABILITY TO TENDER IS A COMPLETE BAR TO EACH CAUSE OF ACTION IN THE COMPLAINT. ............................... 14

7.   PLAINTIFF'S CLAIMS ATTACKING AUTHORITY TO FORECLOSE FAIL. ..................................................................... 15

8.   THE FIRST CLAIM FOR DECLARATORY RELIEF FAILS................... 16

9.   THE SECOND CLAIM FOR "VIOLATION OF 12 U.S.C. § 2605 (RESPA)" FAILS............................................................................ 16

A.  Plaintiff's Purported "QWR" Does Not Qualify as a QWR. ............. 16

B.  Plaintiff Does Not Demonstrate Damages under RESPA. ................ 17

(1)  Plaintiff Does Not Demonstrate Actual Damages. ..................... 17

(2)  Plaintiff Does Not State Facts Supporting Statutory Damages ................................................................................ 19

10.  THE THIRD AND FOURTH CLAIMS FOR VIOLATION OF 15 U.S.C. § 1692 FAIL. ............................................................................. 19

A.  Allegations Against Non-Parties US Bank, OCWEN and BDFTW Fail to State A Claim Against WELLS FARGO. ............... 20

B.  Plaintiff's Admission that WELLS FARGO is the Servicer     of the Loan Defeats her Contentions that WELLS FARGO Violated the FDCPA. .................................................................... 20

C.  Foreclosure Does Not Constitute "Debt Collection" Pursuant to the FDCPA. ................................................................................. 20

D.  Plaintiff's Allegations Regarding Validation of Her Debt Do Not State a Claim under the FDCPA. ............................................. 21

E.  Plaintiff's Claims of Lack of Standing to Foreclose Cannot Support a Cause of Action under the FDCPA. ................................. 21

11.  THE FIFTH CLAIM FOR CANCELLATION OF INSTRUMENTS FAILS. .......................................................................................... 21

12.  THE SIXTH CLAIM FOR VIOLATION OF CALIFORNIA BUSINESS  & PROFESSIONS CODE § 17200 FAILS. ........................... 22

A.  The Sixth Claim is Not Plead with Sufficient Particularity. ............... 22

B.  Plaintiff Fails to Plead Any Valid Underlying Claim. ....................... 22

C.  Plaintiff Cannot Allege Loan Defendants Proximately Caused any  Loss. ................................................................................... 23

D.  Plaintiff Fails to Allege Any Actual Injury. ...................................... 23

13.  CONCLUSION. ............................................................................ 23

## TABLE OF AUTHORITIES

Page

**Federal Cases**

*Allen v. United Financial Mortg. Corp.*,
 660 F.Supp.2d 1089 (N.D. Cal. 2009)...........................................................17, 18

*An-Tze Cheng v. K & S Diversified Invs., Inc. (In re An-Tze Cheng)*
 308 B.R. 448 (9th Cir. BAP 2004) ........................................................................12

*Anaya v. Advisors Lending Group*,
 2009 WL 2424037, at *6 (E.D. Cal. August 5, 2009 .........................................20

*Ballistreri v. Pacifica Police Dep't*,
 901 F.2d 696 (9th Cir. 1990) ...................................................................................8

*Beliveau v. Caras*,
 873 F. Supp. 1393 (C.D. Cal. 1995) .........................................................................8

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .................................................................................................8

*Bell Atlantic v. Twombly*
 550 US 544 (2007) ..................................................................................................16

*In re Bronner*,
 135 B.R. 645 (1992) (B.A.P. 9th Cir. 1992) ........................................................10

*Brown v. Felsen*,
 442 U.S. 127 (1979) .................................................................................................8

*Cain v. Hyatt*,
 101 B.R. 440 (E.D. Pa. 1989) ...............................................................................11

*Connors v. Home Loan Corp.*,
 2009 WL 1615989 (S.D. Cal. June 9, 2009) ........................................................20

*Davidson v. Countrywide Home Loans, Inc.*,
 2011 WL 1157569 (S.D. Cal. March 29, 2011)....................................................17

*Dunmore v. U.S.*,
 358 F.3d 1107 (9th Cir. 2004) .........................................................................11, 13

TABLE OF AUTHORITIES
(continued)

Page

*Durland v. Fieldstone Mortg. Co.*,
2011 WL 805924 (S.D. Cal. March 1, 2011) ................................................. 18, 19

*Escalante v. FNMA*,
2016 WL 4160956 (E.D. Cal. Aug. 5, 2016) ................................................. 13

*Fuentes v. Deutsche Bank*,
2009 WL 1971610 (S.D. Cal. July 8, 2009) ................................................. 21

*Fullmer v. JPMorgan Chase Bank, N.A.*,
2010 WL 95206 (E.D. Cal. Jan. 6, 2010) ................................................. 18

*In re Gavend*,
25 F.3d 1056 (10th Cir. 1994) ................................................. 10

*Gil v. Wells Fargo Bank*,
2016 WL 3742372 (N.D. Cal. July 13, 2016) ................................................. 12

*Guerpo v. Amresco Residential Mortgage Corp.*,
13 Fed. Appx. 649 (9th Cir. 2001) (unpublished) ................................................. 11

*Hamilton v. State Farm Fire & Cas. Co.*,
270 F.3d 778 (9th Cir. 2001) ................................................. 12

*Hannon v. Wells Fargo Bank, N.A.*,
2015 WL 4776305 (N.D. Cal. Aug. 13, 2015) ................................................. 13

*Hay v. First Interstate Bank of Kalispell, N.A.*,
978 F.2d. 555 (9th Cir. 1992) ................................................. 14

*Ho v. ReconTrust Company, NA*
858 F. 3d 568 (Oct. 19, 2016) ................................................. 20, 21

*Javaid v. Allied-Barton Sec. Services*,
2008 WL 1925233 (E.D. Cal. 2008) ................................................. 12

*Jones v. Harrell*,
858 F.2d 667 (11th Cir. 1988) ................................................. 10

*Kassner v. Chase Home Fin., LLC*
(D. Mass. Jan. 27, 2012) 2012 WL 260392 ................................................. 18

TABLE OF AUTHORITIES
(continued)

Page

*Kaur v. Citibank, N.A.*,
2014 WL 3756136 (E.D. Cal. July 30, 2014) ................................................. 6, 12

*Labra v. Cal-Western Reconveyance*,
2010 WL 889537 (N.D. Cal. March 11, 2010) ................................................. 14

*Lal v. Am. Home Serv., Inc.*,
680 F.Supp.2d 1218 (E.D. Cal. 2010) ......................................................... 19, 20

*Latman v. Burdette*,
366 F.3d 774 (9th Cir. 2004) ......................................................................... 8

*Medrano v. Flagstar Bank*,
2012 WL 6183549 - 4 (9th Cir. 2012) ............................................................. 17

*Ng v. US Bank, N.A.*,
2016 WL 7157760 (N.D. Cal., Dec. 30, 2016) ................................................. 17

*Nolo v. Home Servicing*,
2009 WL 2905745 (E.D. Cal. 2009) ............................................................... 22

*Nordhorn v. Ladish Co., Inc.*,
9 F.3d 1402 (9th Cir. 1993) ........................................................................... 9

*Petrovich v. Ocwen Loan Servicing LLC*,
2016 WL 555959, * 8 (N.D. Cal. Feb. 12, 2016) ............................................. 17

*Rabidou v. Wachovia*,
2015 WL 1737926 (N.D. Cal. Apr. 8, 2015) ................................................... 13

*Rivac v. NDex West, LLC*
2017 WL 1075040 (N.D. Cal., March 22, 2017) ............................................. 15

*Rowland v. Novus Financial Corp.*,
949 F. Supp. 1447 (D. Haw. 1996) ................................................................ 11

*Scott v. Kuhlmann*,
746 F.2d 1377 (9th Cir. 1984) ....................................................................... 8

*Semtek International Inc. v. Lockheed Martin Corp.*,
531 U.S. 497 (2001) ..................................................................................... 8

TABLE OF AUTHORITIES
(continued)

Page

*Simon v. Eastern Kentucky Welfare Rights Org.*,
    426 U.S. 26 (1976) ................................................................ 10

*In re Smith*,
    640 F.2d 888 (7th Cir. 1981) ................................................ 10

*Sullivan v. JP Morgan Chase Bank, N.A.*,
    725 F.Supp.2d 1087 (E.D. Cal. June 30, 2010)...................... 18

*Whitmore v. Arkansas*,
    495 U.S. 149 (1990) ............................................................. 10

*Whittier v. Ocwen Loan Servicing, L.L.C.*,
    594 Fed.Appx. 833 (5th Cir. 2014) ...................................... 18

*Wilson v. JPMorgan Chase Bank, NA.*,
    2010 WL 2574032 (E.D. Cal. June 25, 2010)........................ 18

*In re Wischan*,
    77 F.3d 875 (5th Cir. 1996) .................................................. 10

**State Cases**

*Abdallah v. United Sav. Bank*,
    43 Cal.App.4th 1001 (1996) ................................................ 14

*Arnold Mgmt. Corp. v. Eischen*,
    158 Cal.App.3d 575 (1985)................................................... 14

*Batt v. City and County of San Francisco*,
    155 Cal.App.4th 65 (2007)................................................... 16

*Dills v. Delira Corp.*,
    145 Cal.App.2d 124 (1956) .................................................. 16

*Ephraim v. Metropolitan Trust Co. of Calif.*
    (1946) 28 Cal.2d 824 ........................................................... 22

*FPCI REHAB 01 v. E & G Investments, Ltd.*,
    207 Cal.App.3d 1018 (1989)................................... 10, 14, 18

TABLE OF AUTHORITIES
(continued)

Page

*Gomes v. Countrywide Home Loans, Inc.*,
    192 Cal.App.4th 1149 (2011) ................................................................. 15

*Hamilton v. Greenwich Investors XXVI, LLC*,
    195 Cal.App.4th 1602 (2011) ................................................................. 12

*Jenkins v. JPMorgan Chase Bank, N.A.*
    (2013) 216 Cal.App.4th 497 ................................................................. 23

*Karlsen v. Gibralter Sav. & Loan Assn.*,
    15 Cal.App.3d 112 (1974) ................................................................. 14

*Khoury v. Maly's of California*,
    14 Cal.App.4th 612 (1993) ................................................................. 22

*M & M Foods, Inc. v. Pacific American Fish Co., Inc.*,
    196 Cal.App.4th 554 (2011) ................................................................. 11

*Nguyen v. Calhoun*,
    105 Cal.App.4th 428 (2003) ................................................................. 14

*People v. McKale*,
    25 Cal.3d 626 (1979) ................................................................. 22

*Saterbak v. JPMorgan Chase Bank, N.A.*,
    245 Cal.App.4th 808, 814 (2016) ................................................................. 15

*Stock v. Meek*
    (1950) 35 Cal.2d 809 ................................................................. 22

*Wood v. Metzenbaum*
    (1950) 107 Cal.App.2d 727 ................................................................. 22

**Federal Statutes**

11 U.S.C. § 323(b) ................................................................. 11

11 U.S.C. § 541 ................................................................. 10, 11

11 U.S.C. § 541(a) ................................................................. 10

11 U.S.C. §554(c),(d) ................................................................. 13

11 U.S.C. § 704(a) ................................................................. 11

TABLE OF AUTHORITIES<br>(continued)

<u>Page</u>

12 U.S.C. § 2605................................................................................................ 17

12 U.S.C. § 2605.................................................................................................. 7

12 U.S.C. § 2605(i)(3) ....................................................................................... 16

12 U.S.C. § 2605(e) ............................................................................................. 3

12 U.S.C. § 2605(e)(1)(B) ........................................................................... 16, 17

12 U.S.C. § 2605(f) ...................................................................................... 17, 19

12 U.S.C. § 2605(f); .......................................................................................... 18

15 U.S.C. § 1692 ................................................................................................ 21

15 U.S.C. § 1692(e) ........................................................................................... 20

15 U.S.C. § 1692a(5) ......................................................................................... 20

**State Statutes**

Bus. & Prof. Code § 17204 .............................................................................. 23

**Rules**

Federal Rules of Civil Procedure, Rule 12(b) .................................................... 7

Federal Rules of Civil Procedure, Rule 12(b)(6)................................................. 8

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-0925-5243.1

- viii -

17-cv-00054-JFW (DTBx)

MOTION TO DISMISS FIRST AMENDED COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE, FSB ["WELLS FARGO"] submits the following in support of its Motion to Dismiss Plaintiff's First Amended Complaint ["FAC"] pursuant to Rule 12(b)(6).

## 1.   INTRODUCTION.

Plaintiff CHAMPAN R. WASHINGTON ["Plaintiff"] filed this, her second lawsuit, seeking to stall or reverse nonjudicial foreclosure proceedings.  In her FAC, Plaintiff complains that her loan was not timely transferred to a securitized trust years ago and that therefore, all of the foreclosure notices issued and recorded against the subject property are invalid, causing the current beneficiary and servicer of the loan to have no right to collect loan payments from her or to enforce the deed of trust securing a $460,000 loan she received in late 2006.

The FAC fails as against WELLS FARGO, for numerous reasons.  First, the United States Bankruptcy Court recently found a number of her claims, pleaded almost identically to the FAC here, failed to state a claim.  The Court's dismissal bars the claims here due to *res judicata.*  As the bankruptcy court found, Plaintiff lacks standing to assert these claims as she has not alleged abandonment by the Chapter 7 trustee.  Also, she should be judicially estopped from bringing them as they are not disclosed on her bankruptcy schedules.  Plaintiff's Real Estate and Procedures Act ["RESPA"] claim fails for lack of sufficiently pleaded facts, and failure to allege basis for actual or statutory damages.  The two claims under the Fair Debt Collection Practices Act [FDCPA] fail because WELLS FARGO is not a debt collector, foreclosure on a deed of trust is not debt collection, no violative conduct is alleged.  No facts are pleaded to attack WELLS FARGO's authority to foreclose under California's non-judicial foreclosure statutes, causing the claim for Cancellation of Instruments and the Business & Professions Code claim to fail.  And, any attack on foreclosure would fail absent tender.  The alleged facts and judicially noticeable

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

documents reflect Plaintiff received the benefit of the loan proceeds, she defaulted under the loan, and foreclosure is permitted under the express language of the Deed of Trust.

### A.    Plaintiff's Allegations in the FAC. .

Plaintiff alleges she is the owner of the real property located at 13688 Cambridge Place, Chino, CA 91710 ["Property"].  [FAC, page 3, lines 6 – 12; page 5, lines 23 - 26.]  On December 5, 2006, a Grant Deed was recorded reflecting title to the Property transferred to Plaintiff.  [Request for Judicial Notice ("RJN"), Ex. "A".]  Plaintiff states on November 29, 2006, she obtained a loan from World Savings Bank, FSB in the amount of $460,000.00, which was secured by the Property.  [FAC, page 11, lines 4-7.]

Plaintiff alleges in 2006 Wachovia acquired by merger Golden West Financial Corporation, which included World Savings Bank, thereby gaining "mortgage lending operations under the WSB name." [FAC, page 8, lines 17 – 20.]  Plaintiff alleges WELLS FARGO acquired Wachovia in 2008.  [FAC, page 8, line 25.]

Plaintiff alleges that, at some point subsequent to loan origination, "WSB sold the alleged debt to another entity or entities … currently unknown." [FAC page 11, lines 12-15.]  Plaintiff claims these unknown entities were involved in securitizing the "alleged debt" into a Trust known as World Savings Bank Mortgage Pass-Through Certificate Certificates REMIC 27 ("REMIC 27") before WELLS FARGO's "acquisition of Wachovia. In 2008." [FAC, page 8, lines 21-25.]  Plaintiff alleges the closing date for transferring loans into REMIC 27 was December 26, 2006.  [FAC, page 11, lines 17-20.]  Plaintiff alleges "her Note and Deed of Trust [were] sold, transferred, or assigned to REMIC 27 before December 26, 2006." [FAC, page 11, lines 25-28.]  Plaintiff alleges that, because the loan was transferred to REMIC 27 before December 26, 2006, WELLS FARGO could not have acquired any interest in it when it acquired Wachovia in 2008 and, therefore, lacks any legal right to collect on the Note or to enforce the Deed of Trust." [FAC, page 8, lines 13-

17; page 11, lines 25-28.]  Plaintiff alleges that the trustee of the REMIC 27 Trust is The Bank of New York Mellon, not WELLS FARGO -- making WELLS FARGO "a third-party stranger to the underlying debt obligation without the power to have demanded payment, declare a default, or negotiate the alleged debt." [FAC, page 12, lines 6-9.]  Based on these allegations, Plaintiff claims WELLS FARGO has "failed to perfect a security interest" and has no legal right to "collect on Plaintiff's Note [or to] enforce the Deed of Trust…." [FAC, page 8, lines 26-28.]  Plaintiff contends that the Notices of Default, Notices of Substitution of Trustee and Notices of Trustee's Sale recorded against the Property after August 2012 are invalid.  [FAC, page 12, line 27 – page 14, line 20.]

Plaintiff alleges she mailed a Qualified Written Request to WELLS FARGO on April 20, 2016, and received no response, purportedly in violation of 12 U.S.C. section 2605(e).  [FAC, page 15, lines 4-8.]  Plaintiff claims "that there may be money owed on her alleged debt obligation [but] disputes the amount owed and seeks the Court's assistance in identifying who the true creditor is." [FAC, page 15, lines 11-14.]  Plaintiff alleges that WELLS FARGO is not a creditor and that she has instead, prior to defaulting on the loan, paid WELLS FARGO only as a "debt collector" and that those earlier payments she made should be "disgorged and refunded" to her.  [FAC, page 15, lines 18-21.]

## B.    Recorded Documents. .

On December 5, 2006, a Deed of Trust was recorded, under which World Savings Bank was the beneficiary and Golden West Savings Association Service Co. was the trustee, securing the subject loan.  [Request for Judicial Notice ("RJN"), Ex. B.]  On November 9, 2007, a Notice of Default was recorded.  [RJN, Ex. "C".]  The Notice of Default reflects as of November 1, 2007, Plaintiff was in default in the amount of $9,062.42.  [RJN, Ex. "C".]  On March 3, 2008, a Notice of Trustee's Sale was recorded.  [RJN, Ex. "D".]  On October 20, 2008, a Notice of Rescission of Notice of Default was recorded, rescinding the November 9, 2007 recorded Notice

of Default.  [RJN, Ex. "E".]  On June 24, 2009, another Notice of Default was recorded.  [RJN, Ex. "F".]  The Notice of Default reflects that as of June 24, 2009, Plaintiff was in default in the amount of $18,804.86.  [RJN, Ex. "F".]  On September 23, 2009, a Substitution of Trustee was recorded reflecting Executive Trustee Services, LLC dba ETS Services, LLC was substituted as trustee under the Deed of Trust.  [RJN, Ex. "G".]  Also on September 23, 2009, a Notice of Trustee's Sale was recorded.  [RJN, Ex. "H".]  On October 14, 2010, another Notice of Trustee's Sale was recorded.  [RJN, Ex. "I".]  On September 8, 2011, a Notice of Rescission of Notice of Default was recorded, rescinding the June 24, 2009 recorded Notice of Default. [RJN, Ex. "J".] On October 30, 2012 a Substitution of Trustee was recorded on the Property substituting Cal-Western Reconveyance Corporation as trustee under the Deed of Trust.  [RJN, Ex. "K".]  Also on October 30, 2012, a Notice of Default was recorded on the Property.  [RJN, Ex. "L".]  The Notice of Default reflects that as of October 27, 2012, Plaintiff was in default $11,759.28.  [RJN, Ex. "L".]  On February 12, 2013, a Notice of Trustee's Sale was recorded.  [RJN, Ex. "M".]  On July 18, 2013, a Substitution of Trustee was recorded reflecting Cal-Western Reconveyance was substituted as trustee.  [RJN, Ex. "N".]  On August 12, 2015, another Substitution of Trustee was recorded reflecting NBS Default Services, LLC was substituted as trustee.  [RJN, Ex. "O".]  On December 28, 2015, another Notice of Default was recorded on the Property.  [RJN, Ex. "P".]  The Notice of Default reflects that as of December 23, 2015, Plaintiff was in default $86,266.52.  [RJN, Ex. "P".]  On April 8, 2016, a Notice of Trustee's Sale was recorded on the Property. [RJN, Ex. "Q".]

      **C.**    **Procedural History of this Action.**

      Plaintiff's original Complaint in this case was filed on January 12, 2017, containing different allegations from those in the FAC as to why WELLS FARGO supposedly has no standing/legal authority to enforce the Note/Deed of Trust. [RJN, Ex. R.]  In the original Complaint, Plaintiff claimed the loan was rescinded through

her May 2, 2016 Notice of Rescission pursuant to TILA and that is the reason WELLS FARGO has no authority to collect payments. [RJN, Ex. R, page 5, lines 1 – 23; page 7, line 14 – page 11, line 25; page 15, lines 1 – 8; page 18, line 5 – page 22, line 29.] WELLS FARGO's Motion to Dismiss the original Complaint was granted on March 10, 2017, and Judgment of Dismissal, with prejudice, entered in WELLS FARGO's favor on March 17, 2017. [RJN, Ex. "S", Docket Entries # 24, # 26.]

On April 3, 2017, Plaintiff filed a Motion to Vacate the Judgment, which the Court granted on April 21, 2017, allowing Plaintiff until May 1, 2017 to file a First Amended Complaint. [RJN, Ex. "S", Docket Entries # 27, #29.] On May 5, 2017, the Court ordered the case dismissed with prejudice because Plaintiff failed to file a First Amended Complaint by May 1, 2017. [RJN, Ex. "S", Docket Entry # 31.] The Court entered Judgment of Dismissal in favor of WELLS FARGO on May 10, 2017. [RJN, Exhibit "S", Docket Entry # 33.] On May 25, 2017, Plaintiff filed another Motion to Vacate Judgment, which the Court granted on June 13, 2017, giving Plaintiff until June 26, 2017 to file a First Amended Complaint. [RJN, Ex. "S", Docket Entries 35, 37.] Plaintiff filed the FAC on June 26, 2017. [RJN, Docket Entry # 39.]

### D. Plaintiff's Bankruptcy Cases.

### (1) *In re Washington,* United States Bankruptcy Court for the Central District of California, Case No. 6:16-bk-13959-SC.

On May 3, 2016, Plaintiff filed a Chapter 7 bankruptcy petition in this Court. [Docket, RJN, Ex. "T".] Plaintiff filed schedules on May 27, 2016. [RJN, Ex. "U".] On Schedule A/B Plaintiff did not disclose this action as property of the bankruptcy estate. [*See* RJN, Ex. "U", p. 8, par. 33 (requiring disclosure of any "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment") and par. 34 (requiring disclosure of "other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims").] On

August 17, 2016, that proceeding was dismissed for Plaintiff's failure to attend the Section 341(a) meeting.  [Order, RJN, Ex. "T".]

> **(2)**   *In re Washington,* **United States Bankruptcy Court for the Central District of California, Case No. 6:16-bk-17695-SC.**

On August 26, 2016, Plaintiff filed another Chapter 7 bankruptcy petition in this Court, No. 6:16-bk-17695-SC.  [Docket, RJN, Ex. "V".]  Plaintiff filed her schedules on September 9, 2016.  [RJN, Ex. "W".]  On Schedule A/B Plaintiff again did not disclose this action as property of the bankruptcy estate.  [*See* RJN, Ex. "W", p. 8, par. 33 (requiring disclosure of any "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment") and par. 34 (requiring disclosure of "other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims").]  Plaintiff received an Order of Discharge on December 5, 2016.  [RJN, Ex. "V".]  The bankruptcy case closed on December 19, 2016.  [RJN, Ex. "V".]

> **(3)**   *Washington v. Wells Fargo Bank, N.A.*, **United States Bankruptcy Court, Central District of California, No. 6:16-ap-01263-SC.**

While her bankruptcy case was pending, on October 25, 2016, Plaintiff filed the adversary proceeding of *Washington v. Wells Fargo Bank, N.A.*, in the Bankruptcy Court for the Central District of California, No. 6:16-ap-01263-SC.  [*Washington I* Complaint, RJN, Ex. "Y"; Docket RJN, Ex. 'X".]  In *Washington I*, Plaintiff attacked loan origination and foreclosure of the same Property secured by the same loan at issue in this case, and WELLS FARGO was a defendant.  [RJN, Ex. "Y", *passim*.]  WELLS FARGO filed a Motion to Dismiss.  [RJN, Ex. "X".]

On December 12, 2016, Plaintiff filed her First Amended Adversary Complaint.  [RJN, Ex. "Z".]  Plaintiff's First Amended Adversary Complaint also includes causes of action for declaratory relief, cancellation of instruments, and a violation of RESPA.  [*See* RJN, Ex. "Z".]  Plaintiff claimed "Defendant has no

standing to enforce the Deed of Trust or collect payments." [*See* RJN, Ex. "Z", page 5, lines 18 – 20; *see also* page 10, lines 23-28; page 14, lines 6-12; page 11, lines 6 - 10; page 15, lines 5 -10; page 17, lines 23-28, page 19, lines 13-20.]  Plaintiff also contended WELLS FARGO's alleged failure to respond to her Qualified Written Request ("QWR"), constituted a violation of RESPA, 12 U.S.C. § 2605 *et seq*.  [RJN, Ex. "Z", pages 42-46.]  On December 29, 2016, the Bankruptcy Court entered its Order Dismissing Adversary Proceeding for Debtor's Lack of Standing.  [RJN, Ex. "AA".]  In its Order, the Court found the "Debtor lacks standing to pursue each and every cause of action listed in her Complaint and First Amended Complaint."  [RJN, Ex. "AA", page 1.]  The Court specifically noted Plaintiff had filed the August 26, 2016 Chapter 7 bankruptcy proceeding, but did not list any claims against WELLS FARGO on her schedules.  [RJN, Ex. "AA", page 2.]  The Court also noted Plaintiff received a discharge on December 5, 2016, and the bankruptcy was closed on December 19, 2016.  [RJN, Ex. "AA", page 2.] The Court found "all of the claims asserted by the Debtor (including every claim listed in the Complaint and First Amended Complaint) arose prepetition."  [RJN, Ex. "AA", page 2.]  Thus, "all of those claims became property of her bankruptcy estate," and "only the chapter 7 trustee has standing to bring those claims on behalf of the estate."  [RJN, Ex. "AA", pages 2-3.]  As such, the matter was "dismissed for lack of standing".  [RJN, Ex. "AA", page 3.]

## 2.  THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Federal Rules of Civil Procedure, Rule 12(b) reads in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion. . .

///

(6)     failure to state a claim upon which relief can be granted, . . .
A motion making any of these defenses shall be made
before pleading if a further pleading is permitted.

A Rule 12(b)(6) motion is similar to the common law general demurrer: *i.e.*, it tests the legal sufficiency of the claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. [*Beliveau v. Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).] Rule 12(b)(6) may be used to dismiss claims where alleged facts do not give rise to a legal remedy. [*Ballistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).] A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] Plaintiff has not alleged facts indicating any claim for relief and thus have failed to state a claim as to WELLS FARGO.

**3.     PLAINTIFF'S COMPLAINT IS BARRED BY THE DOCTRINE OF RES JUDICATA DUE TO THE JUDGMENT ENTERED IN WASHINGTON I.**

The doctrine of *res judicata* is appropriately addressed at the motion to dismiss stage of litigation and the court may take judicial notice of the earlier proceedings that give rise to the defense. [*Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984).] "'With prejudice' is an acceptable form of shorthand for 'an adjudication on the merits.'" [*Semtek International Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 506 (2001).] To the extent a second action advances any part of the same claim or cause of action, a judgment in the first action "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." [*Brown v. Felsen*, 442 U.S. 127, 131 (1979).] Because the principle behind *res judicata* is finality, "[t]he doctrine bars the relitigation of issues actually litigated in a prior suit, as well as issues that could have been litigated in that prior action." [*Latman v. Burdette*, 366 F.3d 774, 783 (9th Cir. 2004).]

///

In the Ninth Circuit, courts are to consider the following factors when determining whether two claims are the same for purposes of *res judicata*:

(1)    whether rights or interest established in the prior judgment would be destroyed or impaired by prosecution of the second action;

(2)    whether substantially the same evidence is presented in the two actions;

(3)    whether the two suits involve infringement of the same right; and

(4)    whether the two suits arise out of the same transactional nucleus of facts.

[*Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir. 1993).]

Plaintiff's First Amended Complaint is barred by *res judicata*, as the Bankruptcy Court found Plaintiff's *Washington I* failed for lack of standing, and that case was finally adjudicated in favor of WELLS FARGO.  [*See* RJN, Exs. "X"-"Z".] In *Washington I*, Plaintiff attacked loan origination and foreclosure of the same Property secured by the same loan at issue in this case, and WELLS FARGO was a defendant.  [RJN, Exs. "Y", "Z".]  Plaintiff's First Amended Adversary Complaint contained claims for Declaratory Relief (based on lack of authority to foreclose), cancellation of instruments, and a violation of RESPA.  [*Compare* RJN, Ex. "Z" *with* FAC, *passim*.]

*Washington I* was finally adjudicated in favor of WELLS FARGO.  [RJN, Ex. "AA".]  The Court specifically found Plaintiff's "claims became property of her bankruptcy estate," and "only the chapter 7 trustee has standing to bring those claims on behalf of the estate."  [RJN, Ex. "AA", pages 2-3.]  As such, the matter was "dismissed for lack of standing".  [RJN, Ex. "AA", page 3.]  Because the claims have already been adjudicated in favor of WELLS FARGO, the FAC should be dismissed under the doctrine of *res judicata*.

///

///

///

**4.      PLAINTIFF LACKS STANDING TO PROSECUTE THE CLAIMS ASSERTED IN THE FIRST AMENDED COMPLAINT.**

As the Court found in *Washington I*, Plaintiff's claims are the "property of her bankruptcy estate," and "only the chapter 7 trustee has standing to bring those claims on behalf of the estate."  [RJN, Ex. "AA", pages 2-3.]  Standing to bring suit is a necessary constitutional prerequisite to the commencement of an action.  [*Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 41 (1976).]  If a plaintiff lacks standing, then there is no "case or controversy" to give the court jurisdiction under Article III of the Constitution. [*Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990).] In this case, the Debtor, as a debtor under chapter 7 of Bankruptcy Code, lacks standing to prosecute this Complaint.  While the bankruptcy matter is closed, the non-scheduled assets, including the claims as at issue here, remain in the possession of the Bankruptcy trustee.

Upon the commencement of the Debtor's bankruptcy case, a bankruptcy estate was created that is a new and distinct entity from the Debtor.  [11 U.S.C. § 541(a).] The bankruptcy estate includes all legal and equitable interests of the Debtor in property as of the commencement of the case.  [*Id.*]  The scope of § 541 is broad and includes as property of the estate lawsuits or causes of actions that accrued to the Debtor prior to the Petition Date.  [*See, e.g., In re Wischan*, 77 F.3d 875 (5th Cir. 1996) (debtor's pre-petition causes of action were property of the estate); *In re Gavend*, 25 F.3d 1056 (10th Cir. 1994) (debtor's malpractice action is property of the estate); *Jones v. Harrell*, 858 F.2d 667 (11th Cir. 1988) (trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed); *In re Bronner*, 135 B.R. 645 (1992) (B.A.P. 9th Cir. 1992) (debtor's bad-faith lawsuit became property of the estate at the time the petition was filed).] Specifically, the Debtor's claims or causes of actions against the defendants in this case constitute property of the bankruptcy estate.  [*See In re Smith*, 640 F.2d 888, 890 (7th Cir. 1981) (holding bankruptcy estate includes causes of action such as

"truth in lending claims"); *Rowland v. Novus Financial Corp.*, 949 F. Supp. 1447 (D. Haw. 1996) ("courts have long held that the definition of 'property' [in 11 U.S.C. § 541] extends to causes of action, including TILA claims").]

Only the chapter 7 trustee, not the Debtor, is authorized to take action on behalf of the estate.  [*See* 11 U.S.C. § 704(a).]  Under 11 U.S.C. § 323(b), it is only the trustee that has the capacity to sue or be sued.  [*See Guerpo v. Amresco Residential Mortgage Corp.*, 13 Fed. Appx. 649, 650 (9th Cir.  2001) (unpublished) ("only the bankruptcy trustee could bring the TILA action, and the district court did not err in holding that [the debtor-plaintiff] lacked statutory standing to sue"); *see also Cain v. Hyatt*, 101 B.R. 440, 442 (E.D. Pa. 1989) (holding that chapter 7 debtor "no longer has standing to pursue a cause of action" after appointment of a chapter 7 trustee).]

"By operation of statute, assets that [debtor] failed to schedule remained the bankruptcy estate's property, even after the court discharged his debt." [*Dunmore v. U.S.,* 358 F.3d 1107, 1112 (9th Cir. 2004) (citing 11 U.S.C. §554(c),(d)).]

In *Rowland v. Novus Financial Corp.*, the District Court set forth two exceptions to the general rule that a debtor lacks standing to bring a cause of action after appointment of a trustee.  The Court wrote:

> The plaintiff-debtor has no standing to bring the TILA claims unless he can show that the claims were (1) exempt from the bankruptcy estate or (2) abandoned by the bankruptcy trustee.  If neither apply, the claims belong to the bankruptcy estate and in turn must be asserted by the bankruptcy trustee rather than the debtor.

[949 F.Supp. at 1453.]  In the instant case, neither exception applies.  "Property not formally scheduled in the bankruptcy proceeding is not abandoned at the close of the bankruptcy proceeding, even if the trustee was aware of the existence of the property." [*M & M Foods, Inc. v. Pacific American Fish Co., Inc*., 196 Cal.App.4th 554, 563 (2011).]  The claims asserted in the First Amended Complaint must be brought, if at all, by the chapter 7 trustee of the Debtor's bankruptcy estate.

///

///

**5.    PLAINTIFF SHOULD BE JUDICIALLY ESTOPPED FROM ASSERTING THESE CLAIMS NOT ON HER BANKRUPTCY SCHEDULES.**

Courts have uniformly recognized the goal of the equitable doctrine of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." [*Javaid v. Allied-Barton Sec. Services,* 2008 WL 1925233, * 7 (E.D. Cal. 2008).] "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." [*Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001).]   "The Bankruptcy Code and Rules impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and liquidated claims.  The debtors' duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding." [*Id.*]  In *Hamilton v. Greenwich Investors XXVI, LLC,* 195 Cal.App.4th 1602 (2011), the court sustained defendant's demurrer to a wrongful foreclosure case on the basis that the borrower did not disclose their claims against the lender on the Chapter 13 Bankruptcy Schedules.  A discharge may qualify as acceptance of the accuracy of schedules for judicial estoppel purposes.  [*See An-Tze Cheng v. K & S Diversified Invs., Inc. (In re An-Tze Cheng)* 308 B.R. 448, 453-54 (9th Cir. BAP 2004).]

A debtor receives a benefit from the automatic stay in a bankruptcy proceeding, and obtaining that stay is thus a bar to later asserting unidentified claims. [*Gil v. Wells Fargo Bank,* 2016 WL 3742372, *3 (N.D. Cal. July 13, 2016) (granting a motion to dismiss based on plaintiff's failure to disclose claims in a bankruptcy proceeding, and stating "the Bankruptcy Court 'accepted' Plaintiff's position by granting her an automatic stay, and [] Plaintiff would obtain an unfair advantage in this proceeding were it to proceed."); *Kaur v. Citibank, N.A.,* 2014

WL 3756136, *10 (E.D. Cal. July 30, 2014) (granting a motion for judgment on the pleadings, finding, "When a debtor receives an automatic stay of relief against creditors and fails to disclose all assets that could be used to make the creditors whole, the debtor receives an unfair advantage."); *Hannon v. Wells Fargo Bank, N.A.,* 2015 WL 4776305, *7 (N.D. Cal. Aug. 13, 2015) (granting a motion to dismiss due to failure to disclose claims in prior bankruptcy, and stating "As to unfair advantage, Plaintiff's failure to disclose their claims against Wells Fargo deceived the Bankruptcy Court and thus undermined the integrity of the bankruptcy process.").]

A debtor also receives a benefit because the creditors, the trustee, and the court, rely on the schedules in assessing their response to the bankruptcy.  [*See Escalante v. FNMA,* 2016 WL 4160956, *5-*6 (E.D. Cal. Aug. 5, 2016) (granting a motion to dismiss plaintiffs' claims based on judicial estoppel and stating "Because a bankruptcy court evaluates a debtor's potential assets, omitting such claims deceives the bankruptcy court and a debtor's creditors."); *Rabidou v. Wachovia,* 2015 WL 1737926, *4 (N.D. Cal. Apr. 8, 2015) (granting a motion to dismiss based on judicial estoppel stating the debtor "would derive an unfair benefit by proceeding with this case," as he received the benefit of the automatic stay, and the trustee and creditors relied on debtor's representations).]

Here, Plaintiff was required to disclose all potential claims in the bankruptcy, but her bankruptcy schedules in her previous Chapter 7 proceedings do not disclose any claims against WELLS FARGO as assets.  [Bankruptcy Schedules, RJN, Exs. "U", "W".]  Plaintiff took advantage of the protections and benefits afforded by the bankruptcy law and proceedings, and obtained the benefit of the automatic stay since May 3, 2016.  [RJN, Exs. "T" and "V".]  And, she received a discharge on December 5, 2016.  As stated above, "assets that [debtor] failed to schedule remain[] the bankruptcy estate's property, even after the court discharged his debt."  [*Dunmore, supra,* (citing 11 U.S.C. §554(c),(d)).]  As these claims were not disclosed as assets in the bankruptcy, Plaintiff should be judicially estopped, from asserting them here.

[*See Hay v. First Interstate Bank of Kalispell, N.A.,* 978 F.2d. 555, 557 (9th Cir. 1992).]

### 6. PLAINTIFF'S INABILITY TO TENDER IS A COMPLETE BAR TO EACH CAUSE OF ACTION IN THE COMPLAINT.

Without an allegation of tender, a complaint challenging foreclosure does not state a cause of action. [*Karlsen v. Gibralter Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1974).] "The rules which govern tenders *are strict and are strictly applied…it is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect."* [*Nguyen v. Calhoun*, 105 Cal.App.4th 428, 438-440 (2003) (emphasis added).] The tender requirement applies to "any cause of action for irregularity in the sale procedure," and must be made prior to initiating the lawsuit. [*Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1001, 1109 (1996).] The tender requirement applies to any claim "implicitly integrated" with the foreclosure process. [*Arnold Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 579-80 (1985) ("[a] cause of action 'implicitly integrated with the irregular sale fails unless the trustor can allege and establish a valid tender").] Tender is required, even where Plaintiff alleges no power of sale. [*See Labra v. Cal-Western Reconveyance*, 2010 WL 889537, at *9 (N.D. Cal. March 11, 2010).] The purpose of this is to save the Court from "order[ing] a useless act performed" where a plaintiff would be unable to prevent foreclosure if any irregularity in the procedure were resolved. [*FPCI REHAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021-22 (1989).]

Plaintiff does not allege tender of all amounts due under the loan. [First Amended Complaint, *passim*.] The Notice of Default reflects as of December 23, 2015, Plaintiff was in default $86,266.52. [RJN, Ex. "O".] As Plaintiff fails to allege tender, each cause of action "implicitly integrated" with the foreclosure process must fail.

///

**7.    PLAINTIFF'S    CLAIMS    ATTACKING    AUTHORITY    TO FORECLOSE FAIL.**

Plaintiff claims "WELLS FARGO is not the true beneficiary" due to some purported defect in transfer to a securitized trust. [FAC, page 8, line 8 to page 9, line 1; page 11, line 25 to page 15, line 14.]

First, Plaintiff relies on Exhibit "B" to her FAC to purportedly show that WELLS FARGO has no legal interest in the Deed of Trust, but the documents attached at Exhibit "B" are not readable and therefore, Plaintiff has not presented any factual support for her contention that WELLS FARGO is not the beneficiary.

Second, Plaintiff's pre-foreclosure, preemptive attack on the authority of WELLS FARGO to foreclose is unsupported by authority in California. In *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1155 (2011), the court determined no pre-foreclosure cause of action exists for a claim challenging a foreclosing party's authority to foreclose by the owner of a promissory note based on speculative facts. Courts in California "do not allow such preemptive suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature'". [*Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal.App.4th 808, 814 (2016) (finding and holding such a plaintiff "lacks standing to challenge the assignment"); see also *Rivac v. NDex West, LLC* 2017 WL 1075040 (N.D. Cal., March 22, 2017).]

Third, the Deed of Trust expressly states that the beneficiary is World Savings Bank, FSB, its successors and/or assignees. [RJN, Ex. "B".] Plaintiff alleges Wachovia acquired World Savings Bank, FSB and that WELLS FARGO acquired Wachovia. [FAC, page 8, lines 17 – 18; page 8, line 21.] WELLS FARGO, as successor to Wachovia, therefore, has authority to appoint/substitute new trustee. Therefore, Plaintiff's circular conclusion that the Substitutions of Trustee, Notices of Default, and Notices of Trustee's Sale are invalid because WELLS FARGO has no interest in the Deed of Trust, is unsupported by Plaintiff's own fact allegations, and

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-0925-5243.1

- 15 -

17-cv-00054-JFW (DTBx)

MOTION TO DISMISS FIRST AMENDED COMPLAINT

is a conclusory statement that the Court need not accept as true.  [*Bell Atlantic v. Twombly* 550 US 544, 555 (2007).]

### 8.    THE FIRST CLAIM FOR DECLARATORY RELIEF FAILS.

Plaintiff alleges she is entitled to declaratory relief declaring that "WELLS FARGO its successors and or assigns does not have a secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust and Note which are wholly unsecured." [FAC, page 17, lines 22-25.]

Declaratory relief is not an independent claim, but instead a form of equitable relief.  [*Batt v. City and County of San Francisco*, 155 Cal.App.4th 65, 82 (2007); *see also*, *Dills v. Delira Corp.,* 145 Cal.App.2d 124, 129 (1956) (Equitable remedies "are dependent upon a substantive basis for liability, [and] they have no separate viability" if all the plaintiff's other claims fail.).]   As discussed above in Section 7 of this Motion, Plaintiff's premise that WELLS FARGO lacks a legal interest in the Deed of Trust itself unsupportable and therefore cannot serve as a basis for the Declaratory Relief claim.

### 9.    THE SECOND CLAIM FOR "VIOLATION OF 12 U.S.C. § 2605 (RESPA)" FAILS.

Plaintiff claims WELLS FARGO violated RESPA by failing to respond to her Qualified Written Request ("QWR"), which she attached as an Exhibit to the FAC. [FAC, pages 18 – 21.]

#### A.    Plaintiff's Purported "QWR" Does Not Qualify as a QWR.

RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."  [12 U.S.C. § 2605(i)(3).] Under § 2605(e)(1)(B), a Qualified written request is written correspondence from the borrower that:

///

(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower, and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail regarding other information sought by the borrower.

[12 U.S.C., § 2605(e)(1)(B).] It is Plaintiff's burden to establish the probable validity of the RESPA claim.  [*Ng v. US Bank, N.A.*, 2016 WL 7157760, * 4 (N.D. Cal., Dec. 30, 2016).] Plaintiff's purported QWR does not satisfy the requirements of a proper QWR.  Specifically, with respect to Plaintiff's "reasons for believing that the account is in error", Plaintiff states in her purported QWR only that "[w]ith all the news lately of predatory lending, you have left me feeling that there is something you are trying to hide."  [FAC, page 67.]  This statement does not express any valid basis for claiming the loan account is in error.  In addition, Plaintiff's purported QWR seeks information not covered by RESPA, i.e., information regarding loan origination and loan validity.  [*Ng v. US Bank, N.A.*, 2016 WL 7157760, * 4 (N.D. Cal., Dec. 30, 2016), citing *Petrovich v. Ocwen Loan Servicing LLC*, 2016 WL 555959, * 8 (N.D. Cal. Feb. 12, 2016) and *Medrano v. Flagstar Bank*, 2012 WL 6183549 at *3 - 4 (9th Cir. 2012).]  Thus, Plaintiff's allegations do not show the probable validity of her RESPA claim.

**B.  Plaintiff Does Not Demonstrate Damages under RESPA.**

Plaintiff has not sufficiently demonstrated entitlement to recovery under RESPA, as she has not demonstrated that she suffered actual damages, or any entitlement to statutory damages.  [*See* 12 U.S.C. § 2605(f).]

**(1)  Plaintiff Does Not Demonstrate Actual Damages.**

Plaintiff has not demonstrated actual damages.  In *Davidson v. Countrywide Home Loans, Inc.*, 2011 WL 1157569, *4 (S.D. Cal. March 29, 2011) the court stated that "several recent decisions have clarified that alleging a technical violation of § 2605 without also alleging actual damages resulting from that violation is insufficient to state a claim under RESPA."  [citations omitted.]  The court in *Allen v. United Financial Mortg. Corp.*, 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009) stated "a number

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-0925-5243.1

- 17 -

17-cv-00054-JFW (DTBx)

MOTION TO DISMISS FIRST AMENDED COMPLAINT

of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." [*See also, Wilson v. JPMorgan Chase Bank, NA.,* 2010 WL 2574032, *10 (E.D. Cal. June 25, 2010) (dismissing a RESPA claim because the plaintiff offered no facts as to resulting pecuniary damage); *see also Sullivan v. JP Morgan Chase Bank, N.A.,* 725 F.Supp.2d 1087, 1095 (E.D. Cal. June 30, 2010) (stating asserting a failure to respond and the suffering of general damages is insufficient to state a claim under RESPA).]

Plaintiff must specify what her "actual damages" are.  [*Fullmer v. JPMorgan Chase Bank, N.A.,* 2010 WL 95206, at *6 (E.D. Cal. Jan. 6, 2010) (stating "a claim of a RESPA violation cannot survive a motion to dismiss when the Plaintiffs do not plead facts showing that the plaintiff suffered actual harm due to Defendants' failure to respond to a [QWR].")]  In *Durland v. Fieldstone Mortg. Co.,* 2011 WL 805924, *3 (S.D. Cal. March 1, 2011), the court dismissed the RESPA claim, stating, "At a minimum, this requires a borrower to establish a causal link between the alleged pecuniary losses and the servicer's failure to comply with RESPA."  Citing several cases, and dismissing the RESPA claim, the court in *Durland* stated "Without more, allegations of fees assessed, negative credit reporting, and emotional distress are insufficient to state a claim."  [*Id.*]

To the extent Plaintiff alleges she has expended legal fees as a result of a purported RESPA violation, such a claim fails as Plaintiff is in *pro per*.  Also, courts have found legal costs insufficient to satisfy the actual damages pre-requisite to suit.  [*See. e.g., Whittier v. Ocwen Loan Servicing, L.L.C.,* 594 Fed.Appx. 833 (5th Cir. 2014) (agreeing that "attorney's fees and expenses of litigation ... incurred cannot, as a matter of law, satisfy the actual damages requirement of a RESPA claim" because: "RESPA allows for fees and expenses in addition to actual damages") (citing 12 U.S.C. § 2605(f)*; see also Kassner v. Chase Home Fin., LLC* (D. Mass. Jan. 27, 2012) 2012 WL 260392, at *7 ("[A]ttorney's fees for bringing a RESPA suit are not actual damages under the statute."); *Allen v. United Fin. Mortg. Corp.* (N.D. Cal. 2009) 660 F.Supp.2d

1089, 1097 ("[A]ttorneys' fees are not 'actual damages' as contemplated by § 2605(f)(1) and instead are separately enumerated as recoverable losses in § 2605(f)(3)").] Overall, Plaintiff has not alleged any damages purportedly suffered due to any alleged RESPA violation.  Thus, the claim fails to state a cause of action.

### (2)   Plaintiff Does Not State Facts Supporting Statutory Damages.

In addition to the lack of actual damages, Plaintiff also does not state a claim for statutory damages, as she has not provided any facts that WELLS FARGO engaged in a pattern of noncompliance with RESPA.  [*See* 12 U.S.C. § 2605(f); *see also Lal v. Am. Home Serv., Inc*., 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010); *Durland, supra,* at *4 ("to state a claim for statutory damages, a borrower cannot allege only that the defendant engaged in a pattern of noncompliance with RESPA," but "Without adequate factual support, Plaintiff has failed to state a claim for statutory damages under RESPA.").]  Plaintiff here has not pleaded any facts of a "pattern or practice of noncompliance."  Thus, no claim for statutory damages is available on the face of the pleading.

## 10.   THE THIRD AND FOURTH CLAIMS FOR VIOLATION OF 15 U.S.C. § 1692 FAIL.

Plaintiff contends WELLS FARGO violated the Fair Debt Collection Practices Act ["FDCPA"] because it is a "debt collector" that illegally continues to try to collect mortgage payments from her without validating it has the right to do so, without first obtaining her permission and because it has engaged in the foreclosure process by recording various statutorily mandated foreclosure-related notices causing her to feel embarrassment and humiliation.  Plaintiff further contends WELLS FARGO took her personal information and made it public.  [FAC, page 12, lines 6 – 13; page 12, line 27 to page 14, line 25; page 22, line 1 to page 23, line 13.] .]

///

///

### A.  Allegations Against Non-Parties US Bank, OCWEN and BDFTW Fail to State A Claim Against WELLS FARGO.

In the Third Claim of the FAC, Plaintiff references three new entities, who are not party to this lawsuit as "Defendants" -- U.S. BANK, OCWEN, and BDFTW. [FAC, page 21, lines 21, 25; page 24, line 14.]  It appears that pages 21-25 of the FAC, in which U.S. BANK, OCWEN, and BDFTW are referred to as Defendants, and in which the paragraph numbering is wrong, were intended for some other lawsuit and were inadvertently cut and pasted into the FAC.  Regardless, these allegations were not made against WELLS FARGO and the Third Claim should be dismissed.

### B.  Plaintiff's Admission that WELLS FARGO is the Servicer of the Loan Defeats her Contentions that WELLS FARGO Violated the FDCPA.

A mortgage servicer, collecting mortgage payments is *not* a debt collector.  *Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010).  Plaintiff alleges WELLS FARGO is the servicer of the Loan.  [FAC, page 12, line 17.]  As such, it is not a "debt collector" under the FDCPA and this claim fails.

### C.  Foreclosure Does Not Constitute "Debt Collection" Pursuant to the FDCPA.

The FDCPA imposes liability only when an entity is attempting to collect a debt.  [15 U.S.C. section 1692(e).]  For purposes of the FDCPA, the word "debt" is synonymous with "money."  [15 USC, § 1692a(5).]  Foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA.  [*Anaya v. Advisors Lending Group,* 2009 WL 2424037, at *6 (E.D. Cal. August 5, 2009; *Connors v. Home Loan Corp.,* 2009 WL 1615989, at * 3 (S.D. Cal. June 9, 2009).]  As explained in *Ho v. ReconTrust Company, NA* 858 F. 3d 568, 6573 (Oct. 19, 2016), "an entity does not become a general debt collector if its 'only role in the debt collection process is the enforcement of a security interest.'"  [*Id.*]  "The object of a nonjudicial foreclosure is to retake and resell the security, not to collect

money from the borrower ... and actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect "debt" as that term is defined by the FDCPA." [*Id.*] Thus, any claim by Plaintiff that WELLS FARGO's engagement in the foreclosure process constitutes illegal debt collection in violation of the FDCPA is meritless.

### D.     Plaintiff's Allegations Regarding Validation of Her Debt Do Not State a Claim under the FDCPA.

In *Fuentes v. Deutsche Bank*, 2009 WL 1971610 (S.D. Cal. July 8, 2009), the plaintiff alleged that mortgage lender defendants were in violation of 15 U.S.C. section 1692 "based on their refusal to validate the debt at Plaintiff's request." [*Id.* at *3.] The Court held Section 1692 "only applies to consumer debts or transactions" and "[r]esidential mortgages fall outside of this definition." [*Ibid.*]   Therefore, Plaintiff's allegations regarding alleged refusal to validate her debt is not a violation of the FDCPA.

### E.     Plaintiff's Claims of Lack of Standing to Foreclose Cannot Support a Cause of Action under the FDCPA.

As discussed above, Plaintiff's claims that WELLS FARGO's lacks standing to conduct a non-judicial foreclosure lack merit because Plaintiff lacks a preemptive right to challenge foreclosure, Plaintiff lacks any specific factual basis to challenge WELLS FARGO's authority and Plaintiff admits that WELLS FARGO is the successor to the originator of the loan, World Savings Bank, FSB.   Accordingly, Plaintiff's claim that WELLS FARGO is improperly attempting to collect on a debt is meritless.

### 11.    <u>THE FIFTH CLAIM FOR CANCELLATION OF INSTRUMENTS FAILS.</u>

Plaintiff claims "all documents that related to the Deed of Trust [should be] canceled … [and] the foreclosure documents executed by Defendant." [FAC, page 27, lines 6-9, 22-23.]   As discussed above, Plaintiff's attack on the authority to

foreclose cannot stand as it is based on speculative facts.   Judicially noticeable recorded documents establish the recorded chain of title.  "[T]he complaint must state facts, not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for assuring that it is actually invalid." [*Ephraim v. Metropolitan Trust Co. of Calif.* (1946) 28 Cal.2d 824, 833.]  The basis for rescission, either mistake, fraud or duress, must be pled with specificity.   [*Stock v. Meek* (1950) 35 Cal.2d 809, 815; *Wood v. Metzenbaum* (1950) 107 Cal.App.2d 727, 730.]  Plaintiff here does not sufficiently allege fraud, mistake, or duress as to WELLS FARGO with respect to any of the recorded documents related to the Deed of Trust.

## 12.   THE SIXTH CLAIM FOR VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 FAILS.

### A.   The Sixth Claim is Not Plead with Sufficient Particularity.

The court in *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993) held a "reasonable particularity" pleading standard applies to a section 17200 claim. To assert a section 17200 claim based on "unlawful" conduct, a complaint must allege facts showing that the practice violates the law.  "[W]ithout supporting facts demonstrating the illegality of a rule or regulation, an allegation that it is in violation of a specific statute is purely conclusionary and insufficient to withstand demurrer." [*People v. McKale,* 25 Cal.3d 626, 635 (1979).]  Plaintiff's vaguely alleged unfair acts against WELLS FARGO is not sufficiently pleaded.   Also, Plaintiff alleges conduct purportedly related to her loan, and she does not implicate any alleged harm to the general public.

### B.   Plaintiff Fails to Plead Any Valid Underlying Claim.

"The viability of a claim under California Business and Professions Code sect. 17200, *et seq.*, depends on the viability of an underlying claim of unlawful conduct." [*Nolo v. Home Servicing,* 2009 WL 2905745, *7 (E.D. Cal. 2009).]  As discussed

in this Memorandum, Plaintiff's section 17200 claim must fail with the other claims upon which it is based.

### C.      Plaintiff Cannot Allege Loan Defendants Proximately Caused any Loss.

The decision *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, is controlling in which the court found a plaintiff had to demonstrate a causal link between her economic injury, an impending foreclosure, and the alleged unlawful acts in order to state a claim under Section 17200. [*Jenkins*, 216 Cal.App.4th at 522-23.]  The court there stated Jenkins' injury was due to her own default on her loan, and she could not show any violations had a causal link to her economic injuries.  [*Id*.]  This is also the case here.

### D.      Plaintiff Fails to Allege Any Actual Injury.

One has standing to assert a section 17200 claim only if she has (1) "suffered injury in fact," and (2) lost money or property *as a result of* such unfair competition." [Bus. & Prof. Code § 17204 (emphasis added).]  Plaintiff fails to identify any lost income or property in the Complaint and in fact does not allege tender under the Note or Deeds of Trust.

### 13.      CONCLUSION.

WELLS FARGO respectfully requests this Court grant the Motion to Dismiss without leave to amend.

Dated:  July 10, 2017                    KUTAK ROCK LLP


By: /s/ *Steven M. Dailey*
Jeffrey S. Gerardo
Steven M. Dailey
Attorneys for Defendant
WELLS FARGO BANK, N.A.,
SUCCESSOR BY MERGER TO
WACHOVIA MORTGAGE, FSB