UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CHAMPAN R. WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A., successor by merger with Wachovia Mortgage, FSB; formerly known as World Savings Bank, FSB Its Successors and/or Assigns; and DOES 1 – 10, inclusive,<br><br>　　　　　Defendants. | Case No.  5:17-cv-00054-JFW (DTBx)<br><br>Assigned to<br>District Judge:  Hon. John F. Walter<br>Courtroom: 7A<br><br>Assigned Discovery<br>Magistrate Judge:  Hon. David T. Bristow<br><br>**STATEMENT OF DECISION DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br><br>Date Filed:  January 12, 2017 |

Plaintiff CHAMPAN R. WASHINGTON ("Plaintiff") filed a Motion to Alter or Amend Judgment on August 15, 2017.  Defendant WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE, FSB ("WELLS FARGO") filed an Opposition on August 28, 2017.  Plaintiff filed a

Reply on September 11, 2017. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's September 18, 2017 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**1.     FACTUAL AND PROCEDURAL BACKGROUND.**

Plaintiff filed this case on January 12, 2017 seeking to rescind a loan she admits obtaining in 2006, and seeking to stall or reverse nonjudicial foreclosure proceedings. [Doc. No. 1.] On January 20, 2017, the Court filed its Standing Order, the docket entry stating "READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES." [Doc. No. 7.] Also on January 20, 2017, the Court entered a Self-Representation Order. [Doc. No. 8 (*see* p. 3 providing, in part, "when you elect to proceed *pro se,* you are on your own and become personally responsible for litigating your action in accordance with the rules.", and requiring compliance with "the Court's Standing Order."]

WELLS FARGO filed a Motion to Dismiss and a Motion to Strike on February 24, 2017. [Doc. Nos. 18, 19.] The Motions were set for hearing on March 27, 2017. [Doc. Nos. 18, 19.] On March 10, 2017, this Court entered its Order Granting Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint. [Doc. No. 24.] This Court stated WELLS FARGO had filed its Motion to Dismiss on February 24, 2017, with the March 27, 2017 scheduled hearing date. The Court noted Local Rule 7-9 which provides Plaintiff was required to file her Opposition, or Notice of Non-Opposition, "not later than twenty-one (21) days before the date designated from the hearing of the motion," which was March 6, 2017. This Court also cited to Local Rule 7-12 providing any document not filed "within the deadline may be deemed consent to the granting … of the motion." The Court found it

1  "deems Plaintiff's failure to file an Opposition or to otherwise comply with Local
2  Rule 7-9 as consent to the granting of Wells Fargo's motions."  The Complaint
3  was dismissed with prejudice, and the Judgment of Dismissal was entered on
4  March 17, 2017.  [Doc. No. 24, 26.]

5  On April 3, 2017, Plaintiff filed her first Motion to Vacate Judgment of
6  Dismissal.  [Doc. No. 28.] On April 21, 2017, this Court granted Plaintiff's Motion
7  to Vacate Judgment of Dismissal.  [Doc. No. 29.] In its Order Granting Plaintiff's
8  Motion to Vacate Judgment of Dismissal, this Court found "because Plaintiff failed
9  to file a Notice of Non-Opposition and notify the Court that she intended to file an
10 amended complaint on or before the deadline of March 6, 2017, the Court properly
11 granted Wells Fargo's Motion to Dismiss pursuant to Local Rule 7-12."  [Doc. No.
12 29 (citing Local Rule 7-12 "The failure to file any required document, or the failure
13 to file it within the deadline may be deemed consent to the granting or denial of the
14 motion.")]  The Court recognized "Plaintiff raises no additional grounds for relief in
15 her motion."  [Doc. No. 29.]  The Court found, however, that "relief is appropriate"
16 under Rule 60(b)(1), noting the "brief delay, the lack of prejudice to Wells Fargo,
17 and the apparent good faith of Plaintiff."  [Doc. No. 29, p. 3 (citing Rule 60(b)(1)).]
18 This Court thus granted Plaintiff's Motion to Vacate Judgment of Dismissal, and
19 ordered that "Plaintiff shall file a First Amended Complaint on or before May 1,
20 2017."  [Doc. No. 29, p. 3.]  This Court found Plaintiff's "[f]ailure to file a First
21 Amended Complaint on or before May 1, 2017 will result in the dismissal of this
22 action *with prejudice*."  [Doc. No. 29, p. 3 (emphasis added).]

23  Despite this Court's ruling setting aside the judgment, Plaintiff failed to file a
24 First Amended Complaint on or before May 1, 2017.  [*See* Doc. No. 31.]  On May
25 4, 2017, the action was dismissed, with prejudice.  [Doc. No. 31.]   On May 10,
26 2017, Judgment of Dismissal was entered stating the action "is dismissed, with
27 prejudice, as to WELLS FARGO" and a judgment is entered "in favor of WELLS
28 FARGO and against Plaintiff."  [Doc. No. 33.]

On May 25, 2017, Plaintiff filed another Motion to Vacate Judgment of Dismissal, attacking the May 10, 2017 Judgment of Dismissal. [Doc. No. 35.] Through her Motion, Plaintiff stated she was "out of town due to a family emergency from April 22, 2017 to May 2, 2017 and did not receive the Court's ruling until she returned back home." [Doc. No. 35.] Plaintiff stated, "Despite missing the deadline, quickly Plaintiff had her FAC prepared and proceeded to file it with the Court on Thursday, May 4, 2017," but the case closed that same day. [Doc. No. 35.] Plaintiff argued the Court should vacate the Judgment under Federal Rule of Civil Procedure 60(b)(1) or (6), because she claimed the Judgment was void. [Doc. No. 35.]

On June 13, 2017, this Court granted Plaintiff's Motion to Vacate Judgment of Dismissal, and ordered Plaintiff to file her First Amended Complaint by June 26, 2017. [Doc. No. 37.] Plaintiff filed her First Amended Complaint on June 26, 2017, and WELLS FARGO filed a Motion to Dismiss and Motion to Strike on July 10, 2017. [Doc. Nos. 39, 41-43.] The hearing on WELLS FARGO's Motion to Dismiss and Motion to Strike was noticed for August 14, 2017. [Doc. Nos. 41-42.]

On July 31, 2017, this Court granted WELLS FARGO's Motion to Dismiss the First Amended Complaint. [Doc. No. 45.] This Court's Civil Minutes noted Local Rule 7-9 which provides Plaintiff was required to file her Opposition, or Notice of Non-Opposition, "not later than twenty-one (21) days before the date designated from the hearing of the motion," which was July 24, 2017. This Court's Civil Minutes also cited to Local Rule 7-12 providing any document not filed "within the deadline may be deemed consent to the granting…of the motion." This Court thus found it "deems Plaintiff's failure to file an Opposition or to otherwise comply with Local Rule 7-9 as consent to the granting of Wells Fargo's motions." [Doc. No. 45.] The Complaint was dismissed without leave to amend. [Doc. No. 45.]

Plaintiff filed her Motion on August 15, 2017 seeking to "alter or amend

judgment" under Rule 59(e). [Doc. No. 50.] Plaintiff moves to alter or amend the July 31, 2017 Order arguing her "motion should be granted on the grounds that Plaintiff has alleged causes of action that should proceed on the merit[s] and not on a mistake Plaintiff made." [Motion, p. 5.] Plaintiff submitted a declaration in support stating she had miscalendared the hearing date, and thus miscalculated her deadline to respond. [Declaration of Champan R. Washington ("Washington Decl."), pars. 2, 7.]

To obtain relief under Rule 59(e), a party usually must show "either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." [*Ira Green, Inc. v. Military Sales & Service Co.* (1st Cir. 2014) 775 F.3d 12, 28] Rule 59(e) does not set forth any particular grounds for relief. Generally, the motion will lie where there is newly-discovered evidence, the district court committed clear error or its initial decision was manifestly unjust, or there is an intervening change in the controlling law. [*Allstate Ins. Co. v. Herron* (9th Cir. 2011) 634 F.3d 1101, 1111; *Betts v. Costco Wholesale Corp*. (6th Cir. 2009) 558 F.3d 461, 474.]

Plaintiff has not submitted any newly discovered evidence, nor has she asserted this Court committed clear error. Plaintiff instead argues it would be "manifestly unjust" to not vacate the judgment because of her mistake in calendaring, and because she should be permitted to allege her FDCPA claim. [Motion, pp. 5-9.]

In this case, however, Plaintiff has not presented any issue of a manifestly unjust result. This Court dismissed the matter following Plaintiff's failure to oppose the Motion to Dismiss pursuant to Local Rule 7-9 which provides Plaintiff was required to file her Opposition, or Notice of Non-Opposition, "not later than twenty-one (21) days before the date designated for the hearing of the motion." This Court also ruled in accordance with Section 5 of this Court's Standing Order concerning "Motions." Section 5(a) provides, in part. "Documents not filed in

- 5 -
5:17-cv-00054-JFW (DTBx)
STATEMENT OF DECISION

compliance with the Court's requirements will be stricken and will not be considered by the Court." [Standing Order, p. 6.] Section 5(g), entitled Opposing Papers provides:

> Within the deadline prescribed by the Local Rules, a party opposing a motion shall file: (1) an Opposition; or (2) a Notice of Non-Opposition. If a party files a Notice of Non-Opposition to a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), *that party shall state whether it intends to file an amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(1).*
>
> Failure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion. See Local Rules.

[Doc. No. 7 (emphasis added); *See also* Self-Representation Order, pp. 8-9]. Local Rule 1-3 provides "Persons appearing pro se are bound by these rules."

This Court correctly calculated and applied the rules applicable to opposing, or filing a statement of non-opposition to, the Motion to Dismiss. [Doc. No. 45.] Plaintiff was bound by the rules. Plaintiff admits her own mistake. No manifest injustice would be prevented by reversing the order, especially in light of Plaintiff's previous failure to comply with the pertinent rules.

Even if this Court were to construe this Motion as one based on excusable neglect under Rule 60(b)(1), it should also be denied. The "moving party bears the burden of demonstrating Rule 60(b)'s applicability." [*TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2011).] The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the court's interest in seeing that justice is done in light of all the facts. [*Charter Township of Muskegon v. City of Muskegon,* 303 F.3d 755, 760 (6th Cir. 2002).] Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. [*See Sellers v. Mineta*, 350 F.3d 706, 716 (8th Cir. 2003); *ClearOne Communications, Inc. v. Bowers,* 643 F.3d 735, 754 (10th Cir. 2011); *Pakovich v. Verizon LTD Plan,* 653 F.3d 488, 494 (7th Cir. 2011).] A "court is not obligated to vacate the judgment…if doing so would be an 'empty exercise.'" [*James v. U.S.*, 215 F.R.D. 590, 594 (E.D. Cal.

2002).]

A party moving the Court under Rule 60(b)(1) must show mistake, inadvertence, surprise, or excusable neglect. Under Rule 60(b)(1), the federal courts have developed a four-factor test of the equities to determine whether neglect is "excusable." These four factors are (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential effects, (3) the reason for the delay and (4) whether the movant acted in good faith. [*Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (2000).] In determining whether neglect was excusable, the court should examine all of the circumstances involved. [*Briones v. Rivera Hotel & Casino*, 116 F.3d 379, 382 n.2 (9th Cir. 1997).]

Plaintiff's failure to comply with the Local Rules and Standing Order, especially in light of the relief previously provided by this Court, reflects an intent to disregard the deadline to respond, rather than excusable neglect. [*See, generally, Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("While courts may give pro se litigants added flexibility and procedural protections, they 'are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.'").] Plaintiff does not dispute her non-compliance with the Local Rules and this Court's Standing Order and Self-Representation Order. This is glaring in light of her previous lack of rule compliance and miscalculation of deadlines under the rules. No basis for excusable neglect is apparent to warrant vacating the order under Rule 60(b)(1).

This Court also notes that Plaintiff has failed to demonstrate that any amended pleading would cure the defects of the pleading through re-consideration of the motion to dismiss, or any further amended complaint. A "court is not obligated to vacate the judgment…if doing so would be an 'empty exercise.'" [*James v. U.S.*, 215 F.R.D. 590, 594 (E.D. Cal. 2002).] "A precondition to relief from a judgment is that the movant show that he or she has a meritorious claim or

defense." [*City of Colton v. American Promotional Events, Inc.*, 2006 WL 5939685 (C.D. Cal. 2006).]

Plaintiff has not demonstrated any basis upon which this Court should alter or amend its July 31, 2017 Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend Judgment is DENIED.

Dated: September 14, 2017

Hon. John F. Walter